**Timothy E. MARTS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 1083S367.

Supreme Court of Indiana.

May 29, 1985.

Philip H. Hayes, Richard L. Young, John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen. Ind., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of dealing in cocaine, a class A felony, and was sentenced to thirty (30) years imprisonment. His conviction was affirmed by this Court in *Marts v. State* (1982), Ind., 432 N.E.2d 18. He subsequently filed his petition for post-conviction relief, alleging that his sentence was "erroneous and in violation of the U.S. Constitution, 8th Amendment and the Indiana Constitution, Art. 1, § 16." He supports this claim by arguing that he "received a sentence ... [of] thirty (30) years—while offenders in other jurisdictions received far less prison time and offenders in this jurisdiction received far less prison time for more serious offenses." Thereafter, the State of Indiana, in its answer to the petition, admitted the allegations therein, and the Petitioner and the State, by Jeffery Lantz, prosecuting attorney, stipulated that the "petition should be granted and the Court should enter a new

judgment ... convicting the defendant of Dealing in Cocaine, a Class B Felony, and a sentence of imprisonment of six (6) years should be imposed with credit for time served heretofore." Subsequently a pre-trial conference was held, and the trial court, thereafter, denied the petition, finding, among other things, that the Petitioner was barred from raising the issue by *res judicata*. Petitioner's appeal from the denial of post-conviction relief presents three (3) issues for our review, as follows:

(1) Whether the post-conviction court should have conducted a hearing to allow him to prove the disparity between his sentence and those imposed in other jurisdictions for similar offenses;

(2) Whether the post-conviction court was bound by the State's answer to the Petition and by the stipulation;

(3) Whether the post-conviction court should have treated the proceedings as preliminary to an appellate review of the sentence by this Court.

### ISSUE I

Petitioner argues that an evidentiary hearing should have been held on his claim that the sentence he received was "grossly disparate to other sentences imposed for the same crime in other courts." The State, on the other hand, contends that the post-conviction court properly denied the Petition pursuant to P.C.R. 1 § 4(e) because the claim was barred by *res judicata*. We agree.

The precise issue, i.e. whether his sentence constituted cruel and unusual punishment in violation of the State and Federal Constitutions, regardless of how it is now phrased, was presented to this Court and determined adversely to his position in his direct appeal. *Marts v. State,* 432 N.E.2d at 22. Hence, the issue was not reviewable in a subsequent post-conviction proceeding. *Brown v. State* (1984), Ind., 462 N.E.2d 56, 57; *Richardson v. State* (1982), Ind., 439 N.E.2d 610, 614; *Frasier v. State* (1977), 267 Ind. 24, 26, 366 N.E.2d 1166, 1167; *Gross v. State* (1974), 162 Ind.

App. 649, 652, 320 N.E.2d 817, 820 (*transfer denied*).

## ISSUE II

■ Petitioner claims that inasmuch as the parties had stipulated that the petition should be granted, the court was bound by that stipulation and was required to modify the sentence to six (6) years imprisonment. Not only was the post-conviction court not required to modify the sentence, it was not empowered to do so. "After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule." *State ex rel. Kelley v. Marion Crim. Ct.* (1978), 269 Ind. 46, 47, 378 N.E.2d 833, 834. In the case of an *erroneous* sentence, a defendant may file either a motion to correct his sentence pursuant to Ind.Code § 35–38–1–15 (Burns 1985) [formerly Ind.Code § 35–50–1A–17 (Burns 1979)] or a petition for post-conviction relief pursuant to P.C.R. 1 § 1(a)(3). *Thompson v. State* (1979), 270 Ind. 677, 679, 389 N.E.2d 274, 276. In the case at bar, however, this Court had previously determined that the sentence was not unconstitutional, *Marts v. State*, 432 N.E.2d at 22, the only ground upon which Petitioner claims error; hence, he is clearly requesting a modification, not a correction, of his sentence. Ind.Code § 35–38–1–17 (Burns 1985) [formerly Ind.Code § 35–50–1A–18 (Burns 1979)] provides for the modification of sentences, in pertinent part, as follows: "The court, within one hundred eighty (180) days after it imposes a sentence, ... may reduce or suspend the sentence, incorporating its reasons in the record." In *State ex rel. Abel v. Vigo Cir. Ct.* (1984), Ind., 462 N.E.2d 61, 63, this Court held that "upon the expiration of the 180 days notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant so far as the alteration of his sentence is concerned." In light of this holding and in light of the fact that the Post-Conviction Rules do not provide for *modification* of a sentence which has been established by the Legislature as appropriate for the offense and which has been found to be constitutional, the post-conviction court had no authority to modify the Petitioner's sentence.

## ISSUE III

■ Finally, without citation to supporting authority, Petitioner contends that the post-conviction court should have treated the proceedings as preliminary to an appellate review of his sentence. Not only did the post-conviction court have no authority to modify the sentence (See Issue II), but also the Petitioner could have sought review of his sentence pursuant to the Rules for the Appellate Review of Sentences in his direct appeal. He may not raise the issue for the first time in his petition for post-conviction relief. P.C.R. 1 § 1(b); *Howland v. State* (1982), Ind., 442 N.E.2d 1081, 1082.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs in result.

HUNTER, J., not participating.