**STATE of Indiana, Appellant (Respondent Below),**

**v.**

**Richard E. FULKROD, Appellee (Petitioner Below).**

**No. 48S02–0108–CR–375.**

Supreme Court of Indiana.

Aug. 23, 2001.

Karen M. Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellee.

SHEPARD, Chief Justice.

Five years after appellee Richard E. Fulkrod received a forty-year sentence for voluntary manslaughter, the trial court reduced that sentence to twenty-five years over the prosecutor's objection. It had no authority to do so. We reverse.

### Facts and Procedural History

In 1990, Fulkrod suffered a skull fracture when his head was caught between the bed and tailgate of a dump truck. He and his wife Sharon began to have marital problems that were at least partially attributable to the mental and physical aftereffects of the injury. On February 1, 1992, Fulkrod shot and killed Sharon during an argument. On July 21, 1994, Fulkrod abandoned his planned insanity defense and pled guilty to voluntary manslaughter, a class A felony.

At a sentencing hearing on September 21, 1994, Fulkrod offered expert testimony that his physical injury made him susceptible to intense mood swings, including "great anger and rage and violent aggressiveness." (R. at 219, 230.) The court cited Fulkrod's physical and mental condition as a mitigating factor, as well as his previously "law abiding life." (R. at 378.)

The court also found several aggravating factors, including the brutality of the crime and Fulkrod's demeanor while committing it. After Fulkrod fired several shots he paused, realized Sharon was still alive, and fired again. Fulkrod called 911 and while on the telephone asked Sharon, "[Y]ou want another one?" (R. at 98.) He then told the dispatcher, "I shot her five times and the bitch is still living." (*Id.*)

The court sentenced Fulkrod to forty years in prison, the maximum of the sentencing range in the plea agreement,[1] but then added:

> In short what I want to do is go ahead and give you the maximum sentence but I want to reserve the right to modify it after I get a report from the Department of Corrections. It may turn out that a modification is justified.... I need a little time. I need another evaluation ... The Court request[s] a psychological report from the Indiana Department of Corrections and if you feel the need [defense counsel] just let me know and I will set it down for further hearing and I will consider a sentence modification based on what they say. You can always go down but you can't go back up and I am going to give him the maximum and then we will see.

(R. at 375–76, 380.) On appeal, Fulkrod argued without success that the trial court abused its discretion in imposing an enhanced sentence. *Fulkrod v. State,* No. 48A02–9412–CR–738, slip op. at 3, 649 N.E.2d 144 (Ind.Ct.App. Apr. 28, 1995).

On May 26, 1999, Fulkrod filed a petition for sentence modification. At a hearing on the petition, the prosecutor said, "I don't think the Court has jurisdiction and on behalf of the State I am objecting to the modification, Your Honor. And it is my belief that the Court can't go forward without our consent." (R. at 441.) Nonetheless, the trial court reduced Fulkrod's sentence to twenty-five years.[2] The Court of Appeals reversed. *State v. Fulkrod,* 735 N.E.2d 851 (Ind.Ct.App.2000). The

---

1. The agreement said: "Parties have agreed that within a range of fifteen (15) to forty (40) years the parties shall argue sentencing before the Court and the Court shall select the specific years of the sentence from that range." (R. at 44–45.)

2. Judge Fredrick R. Spencer, who originally sentenced Fulkrod, disqualified himself from the modification proceeding and Judge Thomas Newman presided as Special Judge. (R. at 183, 198.)

Court of Appeals was correct, and we grant transfer to put the issue to rest.

### False Hope For a Reduced Sentence

■ Fulkrod argues that the trial court properly retained authority to modify his sentence as long as the modified sentence remained within the agreed-upon range of fifteen to forty years. He relies on, but misconstrues, *Pannarale v. State,* 638 N.E.2d 1247 (Ind.1994).

Defendant Pannarale entered into a plea agreement that provided for a sentence not to exceed ten years for dealing in cocaine, and the sentencing court imposed the ten-year maximum. *Id.* at 1248. Three years later Pannarale petitioned for a sentence reduction under Ind.Code Ann. § 35–38–1–23 (West Supp.1993). *Pannarale,* 638 N.E.2d at 1248.

Indiana Code § 35–38–1–23, which was repealed in 1999,[3] granted courts the authority to reduce the sentences of persons originally sentenced to more than four years, who were within two years of their earliest possible release dates and who met certain criteria such as the completion of educational programs. *See Pannarale,* 638 N.E.2d at 1248 n. 1. We held that although Pannarale's plea agreement did not include any reservation of authority language, the trial court could later modify the sentence *pursuant to the statute* so long as the modified sentence still fell within the agreement's sentencing parameters. *Id.* at 1249 (emphasis added).

Here, Fulkrod does not claim that he qualified for a sentence modification under § 35–38–1–23 or any other statute. He overlooks *Marts v. State,* 478 N.E.2d 63 (Ind.1985), which is more relevant to his claim.

In *Marts,* the defendant received a thirty-year sentence for dealing in cocaine, a class A felony. *Id.* at 64. Although the

prosecutor stipulated to a reduction of the crime to class B felony status and a reduction in the sentence to six years, the trial court denied Marts' petition for post-conviction relief. *Id.* We affirmed, saying:

Not only was the post-conviction court not required to modify the sentence, it was not empowered to do so.... [T]his Court had previously determined that the sentence was not unconstitutional, ... hence, [Marts] is clearly requesting a modification, not a correction, of his sentence. Ind.Code § 35–38–1–17 (Burns 1985) provides for the modification of sentences, in pertinent part, as follows: "The court, within one hundred eighty (180) days after it imposes a sentence, ... may reduce or suspend the sentence, incorporating its reasons in the record." In *State ex rel. Abel v. Vigo Cir. Ct.* (1984), Ind. 462 N.E.2d 61, 63, this Court held that "upon the expiration of the 180–days notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant so far as the alteration of his sentence is concerned."

*Marts,* 478 N.E.2d at 65 (citations omitted).

In 1985, after the *Marts* decision, the General Assembly revised Ind.Code § 35–38–1–17 to allow sentence reduction or suspension after the 180–day period subject to the prosecutor's approval. In 1991, the legislature increased the 180 day time limit to 365 days. Since 1991, the relevant language has therefore read as follows:

(a) Within three hundred sixty-five (365) days after:

(1) the defendant begins serving his sentence ...

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

---

3. *See* Ind.Code Ann. § 35–38–1–23 (West Supp. 2000).

(b) If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence ... the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney....

Ind.Code Ann. § 35–38–1–17 (West 2000).[4]

Despite these changes, the fundamental principle of *Marts* still applies. Here, as in *Marts*, the defendant failed to prove that his original sentence was erroneous, so he then sought modification of that sentence. Here, also, the modification request did not satisfy the requirements of § 35–38–1–17 (there, because the time limit had expired and there was no provision for an extended time period if the prosecutor agreed to the sentence reduction; here, because the time limit had expired and the prosecutor refused to give approval).

■ We therefore reach the same conclusion: the trial court lacked authority to modify Fulkrod's sentence. The fact that the sentencing judge "particularly reserved ... the right to modify this sentence," (R. at 444), is of no moment. The court was seeking to reserve a power that it did not possess beyond the 365–day limit.

A sentencing judge cannot circumvent the plain provisions in the sentence modification statute simply by declaring that he or she reserves the right to change the sentence at any future time. Such language only raises false hope on the defendant's part.

## Conclusion

We grant transfer, summarily affirm the opinion of the Court of Appeals, and reverse the sentence modification order, thereby reinstating Fulkrod's original forty-year sentence.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

4. In 2001, the legislature amended this statute to provide that, "if in a sentencing hearing for a defendant conducted after June 30, 2001, the court could have placed the defendant in a community corrections program as an alternative to commitment to the department of correction, the court may modify the defendant's sentence under this section without the approval of the prosecuting attorney to place the defendant in a community corrections program under Ind.Code 35–38–2.6."