ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Victoria L. Bailey
Indianapolis, Indiana



FILED

May 26 2011, 3:17 pm

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S05-1105-PC-305

STATE OF INDIANA,

*Appellant (Plaintiff below),*

v.

CHARLES BOYLE,

*Appellee (Defendant below).*

Appeal from the Marion County Superior Court, No. 49F18-9709-PC-137207
The Honorable Reuben Hill, Judge

On Petition to Transfer from the Indiana Court of Appeals, 49A05-0911-PC-627

**May 26, 2011**

**David, Justice.**

On the defendant's petition for post-conviction relief, the trial court modified the defendant's conviction several years after the case had concluded. The Court of Appeals overturned the trial court on grounds that the trial court lacked statutory authority to modify the conviction and ordered the original conviction to be reinstated. We agree with the Court of Appeals and grant transfer and reverse the trial court's order. We hold it is in violation of statutory authority to modify the conviction under the circumstances of this case. We remand to the trial court to reinstate the original conviction.

**Facts and Procedural History**

In September 1997, the State charged Charles Boyle with operating a motor vehicle while a habitual traffic offender as a Class D felony, and failing to stop after an accident resulting in personal injury as a Class A misdemeanor.  In June 1999, the State and Boyle entered into a plea agreement and Boyle pled guilty to operation of a motor vehicle while a habitual traffic offender. The State agreed to make the following recommendations:  "Open Argument as to AMS, 365 days / 365 days susp., 365 days probation, drivers license suspended for life, restitution to Tamkia Dominquez."

In September 1999, the trial court judge accepted the plea and entered judgment of conviction.  We note that the transcripts of the plea and sentencing hearing from 1999 are not available.  Boyle filed both a "Verified Petition for Post Conviction Relief" on October 17, 2008, and a "Petition for Modification of Sentencing from 'D' Felony to Alternate Misdemeanor Sentence" in February 2009.   In February 2009, Judge Maryann Oldham heard the first arguments.  At the hearing, counsel for Boyle stated,

> We praeciped for the transcript of the hearing which they could not find, so the only thing I can say as to whether or not he would be getting A.M.S. on the backend if he completed probation successfully is always been—always has been Judge Hill's[1] policy to do so.

The State countered Boyle's argument by saying,

> The plea agreement itself said open to argument as to A.M.S. which implies that the State could contest A.M.S.  Also in the Court's file there is copy of the certification of Indiana abstracts court record.  That shows that Petitioner's driving privileges were suspended for life which also is indicative of a D Felony with no A.M.S.

Judge Oldham set the matter for Judge Hill's calendar.

In September 2009, Boyle submitted a memorandum in support of his motion arguing that "pursuant to I.C. 35-38-1-1.5(a), a court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted as a Class A

---

[1] Much of Boyle's argument was premised on Judge Hill sentencing Boyle in September 1999.  However, the CCS entry reveals that Judge Elizabeth Christ sentenced Boyle on September 2, 1999.  Thus, Boyle's argument of Judge Hill's policy regarding A.M.S. is not compelling.

misdemeanor within three (3) years if the person fulfills certain conditions," that, pursuant to Indiana Code section 35-38-1-1.5(d), the court "shall" modify the conviction to a Class A misdemeanor "if the person fulfills the conditions," and that Boyle fulfilled the conditions "and even did so earlier than expected as evidenced by the successful early termination by the probation department." Shortly thereafter, the State filed its memorandum and argued that "the 1999 Guilty Plea agreement states that the parties would argue the issue of AMS, which shows that the State did not agree to AMS." The State further argued that Indiana Code section 35-38-1-1.5 "was not in effect at the time of [Boyle's] sentencing," due to it being added by P.L. 98-2003. The State argued further that if Boyle could avail himself of Indiana Code section 35-38-1-1.5, it requires the consent of the prosecuting attorney and requires the conversion within three years.

In October 2009, Judge Hill conducted a hearing in the matter. Boyle testified under oath that at the time of the sentencing the judge promised alternative misdemeanor sentencing upon his successful completion of probation. We quote the trial court as follows:

> Well see, I don't know if the Court promised him A.M.S. or not. The file does not indicate that. And generally there is an entry made to that effect. Sometimes I can look at the criminal history and tell if the Court would have favorably considered A.M.S. But his criminal history really doesn't indicate that the Court would make that kind of consideration. But I believe that if the Court is going to sit in judgment on every case that comes before it and try to be fair that it must in the light of or the absence of evidence to the contrary, just give the benefit of the doubt to the Defendant. . . . [Boyle's] request is granted over the objection of the State.

### Modification of Conviction

The sole issue is whether the trial court erred in granting Boyle's petition for modification of his conviction for operation of a motor vehicle while a habitual traffic violator as a Class D felony to a Class A misdemeanor. We agree with the State and the Court of Appeals that the trial court improperly granted Boyle's request. For the reasons explained in State v. Brunner, No. 57S04-1010-CR-603, _____ N.E.2d _____ (Ind. May 26, 2011), also decided today, we hold that the trial court erred in modifying Boyle's conviction from a Class D felony to a Class A misdemeanor.

3

As we held in Brunner, the applicable statute at the time of the conviction was Indiana Code section 35-50-2-7 (1998). Indiana Code section 35-50-2-7(b) states, "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." In interpreting statutes, we take words and phrases in their plain and usual meaning. Ind. Code § 1-1-4-1(1) (2005). As such, we hold that the intent of the legislature in granting authority to the trial courts to reduce a Class D felony to a Class A misdemeanor was limited to the moment the trial court first entered its judgment of conviction and before the trial court announced its sentence. As we held in Brunner, the language of the statute itself described the specific timeframe codified for this action of entering conviction was after the finding of a Class D felony but before the pronouncement of a sentence, "the court may enter judgment of conviction . . . *and* sentence accordingly." Ind. Code § 35-50-2-7(b) (emphasis added). The judgment of conviction is entered first, and then the sentence is handed down.

As we noted in Brunner, pursuant to Indiana Code section 35-38-1-1.5, enacted under P.L. 98-2003, the trial court could enter a conviction as a misdemeanor, but it must be entered within three years of the entry of judgment, all parties must agree to the conditions, and the defendant must meet those agreed upon conditions. We note, as the Court of Appeals correctly found that neither a copy of Boyle's sentencing order is in the record, nor does the CCS entry mention the possibility of modifying his sentence from a Class D felony to a Class A misdemeanor. Furthermore, as stated in the facts, the State did not consent to a misdemeanor sentence. And finally, even if Boyle would have been availed of Indiana Code section 35-38-1-1.5, the trial court would have to modify the conviction within three years. As we held in State v. Fulkrod, 753 N.E.2d 630, 633 (Ind. 2001), "the fact that the sentencing judge particularly reserved . . . the right to modify this sentence, [pursuant to Indiana Code section 35-38-1-17] is of no moment," because the sentencing court was seeking to use power it was not granted. "A sentencing judge cannot circumvent the plain provisions in the sentence modification statute simply by declaring that he or she reserves the right to change the sentence at any future time." Id.

4

**Conclusion**

The plain meaning of Indiana Code section 35-50-2-7(b), as well as the meaning taken in context with Indiana Code section 35-38-1-1.5, shows that the trial court erred in granting Boyle's motion for modification of conviction. We grant transfer and reverse the trial court and remand with instructions for the trial court to reinstate the original judgment of conviction.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.