Robert S. TROXELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 18A04–1102–CR–98.

Court of Appeals of Indiana.

Oct. 25, 2011.

Jennifer M. Lukemeyer, Tyler D. Helmond, Voyles Zahn Paul Hogan & Merriman, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Robert Troxell appeals the denial of his petition for alternative misdemeanor sentencing. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On July 17, 2006, the trial court sentenced Troxell to three years probation after he pled guilty to Class D felony attempted vicarious sexual gratification.[1] Troxell's plea agreement indicated Troxell "may petition to have this matter reduced to a Class A misdemeanor upon successful completion of probation, but the State reserves the right to object to such a reduction." (App. at 78.)

Troxell completed probation on July 20, 2009. On November 4, 2010, he petitioned for modification of his conviction pursuant to his plea agreement. The State objected, claiming Troxell did not file within three years as required by Ind.Code § 35–38–1–1.5. The trial court determined it lacked jurisdiction pursuant to Ind.Code § 35–38–1–1.5 to modify Troxell's sentence.

## DISCUSSION AND DECISION

We review for abuse of discretion a decision whether to modify a sentence. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind.2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *B.K.C. v. State*, 781 N.E.2d 1157, 1162 (Ind.Ct.App.2003).

The State argues the trial court properly determined it lacked jurisdiction because Troxell's reduction in sentence is governed by Ind.Code § 35–38–1–1.5(a), which provides two different mechanisms by which a Class D felony could be reduced to a Class A misdemeanor. First, the "court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions." Ind.Code § 35–38–1–1.5(a) (the "automatic conversion" provision). Troxell's plea agreement did not provide for conversion to a misdemeanor under that provision. Second:

A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35–50–2–7, and the following conditions are met:

---

1. Ind.Code § 35–42–4–5(a).

(1) The prosecuting attorney consents.

(2) The person agrees to the conditions set by the court.

*Id.* The State's objection to Troxell's petition before the trial court was based on the time limits set forth in the "automatic conversion" provision.

In denying Troxell's petition the trial court stated:

But I think [Ind.Code § 35–38–1–1.5] as written is pretty clear that [the alternative misdemeanor conviction modification petition] has to be filed within three (3) years from the date of conviction, now *there would have been nothing preventing [Troxell] from filing the motion within the three (3) year period of time.* Uh, so, again, I understand the application is harsh, but that is the way the law is written, and unless that's changed or unless I have a ruling that would seem to indicate otherwise, I think our courts have told us that it has to be, on that basis, has to be filed within the statute of limitations. That will be the Court's ruling.

(Tr. at 5) (emphasis added). Troxell's plea agreement did not permit him to file a petition for reduction in sentence until he had successfully completed his probation, which was a three-year term; thus, the terms of his agreement required him to wait until after the statutory three-year period had run.

The State directs us to our Indiana Supreme Court's opinion in *State v. Boyle,* which interpreted the statute to impose the three year time limit on both processes by which an offender can have a Class D felony reduced to a Class A misdemeanor:

[E]ven if Boyle would have been availed of Indiana Code section 35–38–1–1.5, the trial court would have to modify the conviction within three years. As we held in *State v. Fulkrod,* 753 N.E.2d 630,

633 (Ind.2001), "the fact that the sentencing judge particularly reserved . . . the right to modify this sentence, pursuant to Indiana Code section 35–38–1–17 is of no moment," because the sentencing court was seeking to use power it was not granted. "A sentencing judge cannot circumvent the plain provisions in the sentence modification statute simply by declaring that he or she reserves the right to change the sentence at any future time." *Id.*

947 N.E.2d 912, 914 (Ind.2011). The plain language of Ind.Code § 35–38–1–1.5(a) imposes the three-year period only on the "automatic conversion" provision, and prior to *Boyle,* there had not been a decision holding the remainder of Ind.Code 35–38–1–1.5(a) was similarly time-restricted. Thus, in 2006, when the State and Troxell agreed to the terms of the plea agreement, the parties could not have known the second part of the statute, allowing for the trial court to reduce a conviction upon Troxell's petition, was limited by the same time limits as the "automatic conversion" provision. Our decision in this case, on these facts, is not controlled by *Boyle.*

Troxell's plea agreement required him to complete "Three (3) years supervised probation." (App. at 78.) After indicating the specific terms of Troxell's probation, the order states, "The defendant may petition to have this matter reduced to a Class A Misdemeanor upon successful completion of probation, but the State reserves the right to object to such a reduction." (*Id.*) Therefore, Troxell could not have petitioned for a reduction in conviction until after three years passed.

■ In light of the language of the plea agreement, the State's argument that Troxell's petition is time barred must fail. Judicial estoppel prevents a party from assuming a position in a legal proceeding

inconsistent with one previously asserted. *Brightman v. State*, 758 N.E.2d 41, 48 (Ind.2001). The doctrine exists to protect the integrity of the judicial process rather than to protect litigants from allegedly improper conduct by their adversaries.

The State entered into a plea agreement that did not permit Troxell to petition for a reduction until after three years had passed. It may not now claim Troxell is time barred from petitioning for a reduction in conviction because he did not do so within three years. The court abused its discretion when it denied the petition on that ground. Accordingly, we reverse the denial of Troxell's petition to modify his conviction of a Class D felony to a Class A misdemeanor, and remand to the trial court for further consideration of the issue.

Reversed and remanded.

RILEY, J., and NAJAM, J., concur.