**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CHAD D. WUERTZ**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES W. MANHART, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 16A04-1203-CR-131 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable W. Michael Wilke, Judge
The Honorable Matthew D. Bailey, Judge
Cause No. 16D01-0711-FD-635

**September 4, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant James W. Manhart appeals from the trial court's denial of a petition to convert his convictions for Resisting Law Enforcement[1] and Operating a Vehicle While Intoxicated[2] from class D felonies to class A misdemeanors pursuant to the terms of his plea agreement. Specifically, Manhart contends that the trial court erred when it concluded it lacked jurisdiction to do so because Manhart failed to file his petition within three years from the date of his convictions. Concluding that the trial court did not err and that, in any event, Manhart was not eligible for the conversion, we affirm.

## FACTS

On November 3, 2007, Manhart was stopped for speeding by Sergeant Steve Barnes of the Greensburg Police Department in Decatur County. Manhart initially stopped, but he fled after handing Sergeant Barnes his state identification card. A chase ensued, during which Manhart continued speeding and disregarded several traffic signals. Ultimately, the chase ended when Manhart crashed his vehicle into a fence at a local movie theater. After Manhart was arrested, a blood test determined that he had a blood alcohol content of 0.18. The Decatur County Prosecuting Attorney charged Manhart with resisting law enforcement as a class D felony, operating a vehicle while intoxicated as a class A misdemeanor, and ten traffic violations, including speeding, two counts of disregarding an automobile signal, and seven counts of disregarding a stop sign.

---

[1] Ind. Code § 35-44.1-3.

[2] Ind. Code § 9-30-5-3.

On November 13, 2008, the trial court held a guilty plea and sentencing hearing. During the hearing, the court discussed the terms of an oral plea agreement to which Manhart and the State both agreed.[3] Pursuant to this agreement, Manhart pleaded guilty to the charges of resisting law enforcement as a class D felony and operating a vehicle while intoxicated as a class D felony,[4] and the State dismissed the remaining traffic infractions as well as a separately charged public intoxication count also pending against Manhart.

Pursuant to the "open plea," both parties were free to present arguments regarding an appropriate sentence. Tr. p. 4. The State recommended that Manhart receive concurrent sentences of three years, with two years suspended to supervised probation. Manhart presented evidence that he suffered from alcoholism but that, since his arrest, he had voluntarily entered and completed a residential substance abuse treatment program. He testified that, at the time of the hearing, he had been sober for one year. Manhart asked that his convictions be entered as class A misdemeanors rather than class D felonies and that he be permitted to serve his sentence on house arrest.

---

[3] No written plea agreement was admitted into evidence, and neither Manhart nor the State has a copy of a written plea agreement in their respective files. We note that the court's acceptance of the oral plea agreement was in error, as Indiana Code section 35-35-3-3 requires plea agreements involving a defendant's plea of guilty to a felony charge to be in writing. However, as Manhart is attempting to rely on the terms of the oral plea agreement in his argument for his convictions to be converted, he does not challenge the validity of the plea agreement in his appeal.

[4] Although initially charged as a class A misdemeanor, the operating a vehicle while intoxicated count appears to have been increased to a class D felony charge sometime before the guilty plea hearing because Manhart had two prior convictions in Illinois for operating a vehicle while intoxicated within the previous five years.

The trial court sentenced Manhart to three years, with eight months to be served in the Decatur County jail, four months on home detention, and two years on supervised probation. The trial court advised Manhart of the conditions of his home detention and probation, which included random screening for alcohol consumption and drug use, a requirement that Manhart actively seek full-time employment, and a prohibition against possessing firearms and deadly weapons. Then, the trial court stated:

> Now, what I'm going to allow you to do, Mr. Manhart, is that <u>at the end of the three (3) year sentence</u>, . . . based upon your behavior, between now and then, you will be . . . eligible, very possibly, to petition the Court and request that the felony conviction be reduced to a misdemeanor. But you can check with [your attorney] about . . . what you must do and what you must abide by in order to even qualify to file in Court a request that the felony conviction be reduced to a misdemeanor conviction. I'm going to allow you to do that with both charges. You will have felony convictions on these charges for the next three (3) years. But based upon your behavior and what you do or don't do for the next three (3) years, you will have the . . . possible opportunity to petition the Court to have the felony convictions reduced to a misdemeanor. So, that'd be up to you as to whether or not you qualify in the next three year[s] . . . to have those felonies reduced. . . .

Tr. p. 44-45 (emphasis added).

After the above explanation was given, the State consented "to the . . . agreed reduction to a Class A misdemeanor, on the condition that [Manhart] comply with the court ordered conditions." <u>Id.</u> at 46. The State specifically required that Manhart "successfully complete all conditions of probation" and "not commit any criminal offenses" during his period of probation. <u>Id.</u> The trial court's written judgment of conviction stated, in part, "[p]ursuant to [Indiana code section] 35-38-1-1.5, <u>upon completion of sentence</u>, defendant may request that judgment be converted to a

4

conviction as a class A misdemeanor within three (3) years if the defendant fulfills the conditions set by the court." Appellant's App. p. 30 (emphasis added).

While on probation, Manhart failed a random drug screen by testing positive for THC. On October 13, 2010, the State filed a petition to revoke Manhart's suspended sentence due to the failed screen. At a hearing on November 3, 2010, Manhart admitted to violating his probation by smoking marijuana. The trial court extended Manhart's probation by five months but did not revoke Manhart's suspended sentence. The order extending Manhart's probation also stated, "[a]ll conditions of probation and other aspects of [Manhart's judgment of conviction] remain in full force and effect." Id. at 53.

On January 3, 2012, the Decatur County Adult Probation Department filed a report with the trial court stating that Manhart's "probationary time period ended on the 31[st] day of December, 2011." Id. at 54. On January 9, 2012, Manhart requested a hearing on his motion to have his convictions converted to misdemeanors. The State objected to the conversion in writing, arguing that Manhart's probation violation was also a violation of the conditions for his eligibility to convert his convictions to misdemeanors.

At a hearing held on February 20, 2012, the trial court heard argument from both sides and took Manhart's petition under advisement. On February 24, 2012, the trial court entered its order denying Manhart's petition to convert his convictions to misdemeanors. The trial court cited to State v. Boyle, 947 N.E.2d 912 (Ind. 2011), as support for its conclusion that Manhart was no longer eligible to have his sentence converted to a misdemeanor under Indiana Code section 35-38-1-1.5 because more than

5

three years had passed since his convictions were entered. 947 N.E.2d at 914. The trial court made no findings regarding the effect of Manhart's probation violation on his eligibility to convert his felony convictions to misdemeanors. Manhart now appeals.

DISCUSSION AND DECISION

Manhart contends that the trial court erred when it claimed it lacked jurisdiction to convert his convictions from felonies to misdemeanors under Indiana Code section 35-38-1-1.5. Specifically, Manhart contends that it was an abuse of discretion for the trial court to deny his request for conversion on the ground that the request was untimely.

We review a trial court's interpretation of a statute de novo. Gardiner v. State, 928 N.E.2d 194, 196 (Ind. 2010). Indiana Code section 35-38-1-1.5, provides in relevant part:

> (a) A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a Class A misdemeanor within three (3) years if the person fulfills certain conditions. A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under [Indiana Code section] 35-50-2-7, and the following conditions are met:
>
>   (1) The prosecuting attorney consents.
>
>   (2) The person agrees to the conditions set by the court.
>
> (b) For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a).

6

(c)  The court is not required to convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if, after a hearing, the court finds:

> (1) the person has violated a condition set by the court under subsection (a). . . .

(d)  The court shall enter judgment of conviction as a Class A misdemeanor if the person fulfills the conditions set by the court under subsection (a).

Typically, once a defendant is sentenced, the trial court's jurisdiction over that defendant ends.  State v. Brunner, 947 N.E.2d 411, 416 (Ind. 2011), reh'g denied (citing State ex rel. Abel v. Vigo Cir. Ct., 462 N.E.2d 61, 63 (Ind. 1984)).  "After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule."  Marts v. State, 478 N.E.2d 63, 65 (Ind. 1985) (quoting State ex rel. Kelley v. Marion Cnty. Crim. Ct., 269 Ind. 46, 47, 378 N.E.2d 833, 834 (1978)).

The Indiana General Assembly has created some statutory exceptions that provide authority for the trial court to exercise post-sentencing jurisdiction to convert convictions or modify sentences in particular situations.  See, e.g., Ind. Code § 35-50-2-7(b); I.C. § 35-38-1-17.  One of these exceptions is Indiana Code section 35-38-1-1.5, under which Manhart petitioned for the conversion of his sentence and under which he now appeals.

As noted above, Manhart argues that the three-year time limit specified in the statute should not act as a jurisdictional bar to the conversion of his sentence.  However, our Supreme Court has made clear on several occasions that where a statute allows for a modification of a conviction or a sentence within a specified time frame, that time frame

7

is jurisdictional. See Brunner, 947 N.E.2d at 416; Marts, 478 N.E.2d at 65; State v. Fulkrod, 753 N.E.2d 630, 633 (Ind. 2001).

Specifically, in Fulkrod, the statutory time frame for a sentence modification applied regardless of the trial court's express reservation of the right to modify a sentence in the order of judgment. 753 N.E.2d at 633. Indeed, our Supreme Court took issue with the trial court "seeking to reserve a power that it did not possess." Id.

Notably, in Brunner and Boyle, our Supreme Court discussed the jurisdictional merits of the three-year time frame in Indiana Code section 35-38-1-1.5.[5] The defendants in Brunner and Boyle were both sentenced prior to the enactment of this statute. Accordingly, neither defendant was able to take advantage of its provisions. Nevertheless, the point was made in each case that even if the defendants had been eligible to reap the benefit of Indiana Code section 35-38-1-1.5 such that "the trial court could enter a conviction as a misdemeanor, . . . [the conversion] must be entered within three years of the entry of judgment. . . ." Boyle, 947 N.E.2d at 914 (citing Brunner, 947 N.E.2d at 417).

In support of his position, Manhart relies on this Court's decision in Troxell v. State, 956 N.E.2d 164 (Ind. Ct. App. 2011), which held that it was an abuse of discretion for a trial court to deny a defendant's petition to convert his felony conviction to a misdemeanor on the basis of the petition being time barred when his plea agreement explicitly provided that he could not petition the court for the conversion until he

[5] Brunner and Boyle were both decided in 2011, several years after Manhart entered into his plea agreement.

8

successfully completed his sentence, which was three years suspended to probation. 956 N.E.2d at 166-67. Specifically, the panel based its decision on the doctrine of judicial estoppel, which "prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted." Id. (citing Brightman v. State, 758 N.E.2d 41, 48 (Ind. 2001)). The Troxell Court reasoned that the State should not be permitted to argue that the defendant was time barred from petitioning for the conversion when the State was a party to the agreement that created the anomaly forbidding the defendant from filing the petition until after the statutory deadline had passed. Id. at 167.

Unlike the defendant in Troxell, however, Manhart was not necessarily precluded from filing a timely petition to convert his convictions to misdemeanors under the terms of his plea agreement. Rather, because Manhart served his sentence in a combination of executed time, home detention, and probation, he would have been eligible to file his petition to convert his felonies to misdemeanors several months before the three-year statutory deadline passed.[6] The State is correct in noting that Manhart's inability "to petition for modification prior to the end of the three-year period is his fault alone for violating his probation." Appellee's Br. p. 6. Here, the State did not enter into an agreement that allowed for conversion of Manhart's convictions to misdemeanors while at the same time preventing a timely petition for conversion from being filed. Thus, Manhart's reliance on Troxell is misplaced.

---

[6] While serving the executed and home detention portions of his sentence, Manhart was eligible to earn credit time pursuant to Indiana Code sections 35-50-6-3 and 35-38-2.6-6.

Concluding that the three-year time frame in Indiana Code section 35-38-1-1.5 is jurisdictional and that Manhart does not fall within the narrow exception created by Troxell, the trial court did not err in determining that it lacked jurisdiction over Manhart's petition.

Even assuming, solely for argument's sake, that this case fell within the exception created by Troxell, our outcome would remain the same. More particularly, even if the State was judicially estopped from objecting to Manhart's petition based on it being untimely, Manhart was still not eligible to have his convictions converted because he violated the conditions of the agreement allowing for the conversion.

As discussed above, Indiana Code section 35-38-1-1.5 allows for the conversion of a class D felony to a class A misdemeanor within three years only if the court, the prosecuting attorney, and the defendant all agree to the conditions, and the defendant meets those conditions. Boyle, 947 N.E.2d at 914 (citing Brunner, 947 N.E.2d at 417). One of the conditions for Manhart to be eligible to convert his convictions to misdemeanors required that he "successfully complete all conditions of probation." Tr. p. 46. Manhart failed to satisfy this condition. By committing and admitting to a probation violation, Manhart gave up any right he had to have the trial court convert his felony convictions to misdemeanors.

Finally, we reach Manhart's assertion that "[r]educing Manhart's conviction in light of his rehabilitation is appropriate." Appellant's Br. p. 14. While we certainly encourage Manhart to continue to make positive changes and maintain his sobriety, we

note, as our Supreme Court did in <u>Brunner</u>, that "[a]lthough it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction . . . for good behavior, . . . at this time the legislature has not given any such authority." <u>Brunner</u>, 947 N.E.2d at 417. Thus, Manhart's argument on this basis must fail.

In sum, we conclude that the trial court lacked jurisdiction to consider Manhart's petition and that, even if the trial court had properly exercised jurisdiction over the petition, Manhart was not eligible to have his felony convictions converted to misdemeanors. Accordingly, the trial court properly denied Manhart's petition to convert his convictions from class D felonies to class A misdemeanors.

The judgment of the trial court is affirmed.

ROBB, C.J., and BRADFORD, J., concur.