**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 11 2012, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK LEEMAN**
Cass County Conflict Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARGELIO GONZALES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 09A02-1202-CR-92 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CASS CIRCUIT COURT
The Honorable Leo T. Burns, Judge
Cause No. 09C01-9712-CF-53

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Argelio Gonzales appeals the trial court's order denying his motion for sentence reduction contending that the trial court erred in holding that in the absence of the approval of the prosecuting attorney it had no authority to reduce a criminal sentence after more than three hundred sixty-five days had elapsed since the convicted person began serving the sentence pursuant to Ind. Code §35-38-1-17.

We affirm.

In April of 1998, Gonzales was convicted of possession of cocaine, as a Class A felony,[1] dealing in cocaine, as a Class A felony,[2] possession of marijuana, as a Class D felony,[3] and maintaining a common nuisance, as a Class D felony.[4] On May 27, 1998, the trial court sentenced Gonzales to concurrent sentences of thirty years for each of the Class A felonies and eighteen months for each of the Class D felonies, and remanded him to begin serving his sentences. In 2005, Gonzales' conviction and sentence for dealing in cocaine was set aside, but his remaining convictions and sentences remained in effect.

In September of 2011, Gonzales filed a petition to modify his sentence, and the State objected. The trial court summarily denied the petition pursuant to Ind. Code §35-38-1-17 which provides in operative part:

> (a) Within three hundred sixty-five (365) days after:
> (1) a convicted person begins serving the person's sentence;
> . . .

---

[1] *See* Ind. Code § 35-48-4-6.

[2] *See* Ind. Code § 35-48-4-1.

[3] *See* Ind. Code § 35-48-4-11.

[4] *See* Ind. Code § 35-48-4-13.

2

the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence . . . , the court may reduce or suspend the sentence, *subject to the approval of the prosecuting attorney. . . .*

(Emphasis added.)

On appeal, Gonzales contends that the prosecutor's discretion under this section is subject to judicial review and that the prosecutor abused his discretion in refusing his approval. In *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind. 2001), our Supreme Court said, "the trial court lacked authority to modify Fulkrod's sentence." Even though the trial court in *Fulkrod* had "particularly reserved . . . the right to modify this sentence" at sentencing, our Supreme Court said that the purported reservation was "of no moment. The court was seeking to reserve *a power that it did not possess* beyond the 365-day limit." (Emphasis added.)

So, too, here. In the absence of the approval of the prosecuting attorney, a trial court has no authority to reduce a criminal sentence beyond the 365-day limit. Holding that a trial court has the authority to judicially review the prosecutor's discretion regarding such approval would be contrary to the express directive of our Supreme Court.

Affirmed.

NAJAM, J., and MAY, J., concur.