**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**LEAH R. BURRIS**
**REBECCA M. EIMERMAN**
Zionsville, Indiana



FILED
Dec 31 2014, 10:03 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL WHICKER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No. 32A01-1409-CR-400 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-0710-FC-37

**December 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On October 12, 2007, Appellant-Defendant Michael Whicker was charged with numerous offenses, including a charge of Class D felony criminal recklessness with a deadly weapon. Whicker subsequently pled guilty to the Class D felony criminal recklessness charge. In exchange for Whicker's plea, Appellee-Plaintiff the State of Indiana (the "State") agreed to dismiss the remaining charges. Pursuant to the terms of Whicker's plea agreement, Whicker was sentenced to a term of 730 days with 180 days executed and 550 days suspended to probation. The plea agreement further provided that upon successful completion of his probation, Whicker could petition to have the Class D felony conviction reduced to a Class A misdemeanor without objection from the State.

Approximately six years after the trial court accepted the parties' plea agreement and sentenced Whicker in accordance therewith, Whicker filed a petition to reduce his Class D felony conviction to a Class A misdemeanor. The State responded by acknowledging that while it had previously agreed that it would not object to any such request, the applicable three-year statutorily-prescribed period for Whicker to file a petition to reduce his Class D felony conviction to a Class A misdemeanor had long since passed. The trial court subsequently denied Whicker's petition. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 12, 2007, Whicker was charged with numerous offenses, including a charge of Class D felony criminal recklessness with a deadly weapon. Whicker and the State subsequently entered into a plea agreement. Pursuant to the terms of the plea agreement,

2

Whicker agreed to plead guilty to the Class D felony criminal recklessness charge and the State agreed to dismiss the remaining charges. The parties agreed that Whicker would be sentenced to a term of 730 days with 180 days executed and the remaining 550 days suspended to probation. The parties also agreed as follows: "Upon successful completion of probation, the defendant may petition the court for an alternate 'A' Misdemeanor and the State will not object." Appellant's App. p. 9. Whicker was successfully discharged from probation on January 12, 2010.

On July 30, 2014, Whicker filed a petition in which he requested that the trial court reduce his Class D felony conviction to a Class A misdemeanor. The State responded on August 8, 2014, acknowledging that while the terms of the plea agreement indicated that the State would not object to a request to reduce Whicker's conviction to a Class A misdemeanor, the trial court lacked authority to do so because Whicker failed to file his request within the three-year time limitation set forth in Indiana Code section 35-38-1-1.5(a). On August 13, 2014, the trial court denied Whicker's petition. Whicker filed a motion to reconsider. The trial court subsequently denied Whicker's motion to reconsider. This appeal follows.

**DISCUSSION AND DECISION**

On appeal, Whicker contends that the trial court erred in denying his petition to reduce his Class D felony conviction for criminal recklessness with a deadly weapon to a Class A misdemeanor.[1] Generally, once a defendant is sentenced, the trial court's jurisdiction over

---

[1] We note that the Attorney General's Office, which represents the State on appeal, has filed a belated

the defendant ends.  *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011).  "After final judgment a court retains only such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule."  *Marts v. State*, 478 N.E.2d 63, 65 (Ind. 1985) (citing *State ex rel. Kelley v. Marion Crim. Ct.*, 269 Ind. 46, 47, 378 N.E.2d 833, 834 (1978)).  Indiana Code section 35-38-1-1.5, which went into effect in 2003, allows for certain conviction modifications after a defendant has been sentenced.  The version of Indiana Code section 35-38-1-1.5(a)[2] that was in effect at the time Whicker committed the underlying criminal offense provides as follows:

> A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction for a Class A misdemeanor within three (3) years if the person fulfills certain conditions.  A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under [Indiana Code section] 35-50-2-7, and the following conditions are met:
> > (1) The prosecuting attorney consents.
> > (2) The person agrees to the conditions set by the court.

Again, the terms of Whicker's plea agreement, provided that "[u]pon successful completion of probation, the defendant may petition the court for an alternate "A"

---

appearance and requested permission to file a belated appellate brief.  In requesting permission to file a belated appellate brief, the Attorney General's Office explains that it failure to file a timely appellate brief was due to the fact that Whicker's counsel failed to serve the Attorney General's Office with notice of the instant appeal or with a copy of Whicker's Appellant's brief.  We take this opportunity to remind Whicker's counsel that the Attorney General represents the State in all criminal appeals, see Appellate Rule 17(A), and, as such, must be provided with service of the notice of appeal as well as all briefs and motions filed in connection to said appeal.  Because the law is so well settled in favor of the State on the questioned raised by Whicker, we have decided to proceed on the merits and without the delay attendant to allowing the Attorney General to file a belated brief.

Misdemeanor and the State will not object." Appellant's App. p. 9. The trial court accepted the parties' plea agreement and sentenced Whicker on July 2, 2008. Accordingly, pursuant to Indiana Code section 35-38-1-1.5(a), Whicker had three years from that date, or until July 1, 2011, to petition the trial court for a reduction of his Class D felony conviction to a Class A misdemeanor. Importantly, Whicker was successfully discharged from probation on January 12, 2010, or approximately one and one-half years before the deadline for filing a petition to reduce his Class D felony conviction to a Class A misdemeanor passed. However, Whicker did not file his petition to reduce his conviction from a Class D felony to a Class A misdemeanor until July 30, 2014, approximately three years after the deadline for filing such a petition had passed. Whicker does not explain why he failed to file his petition within the statutorily-prescribed three-year period.

In addition, we note that the facts presented in the instant matter are readily distinguishable from those presented in *Troxell v. State*, 956 N.E.2d 164 (Ind. Ct. App. 2011). In *Troxell*, a panel of this court held that it was an abuse of discretion for a trial court to deny a defendant's petition to convert his felony conviction to a misdemeanor on the basis of the petition being time-barred when his plea agreement explicitly provided that he could not petition the court for the conversion until he successfully completed his sentence, which was three years suspended to probation. *Id.* at 166-67. Specifically, the panel based its decision on the doctrine of judicial estoppel, which "prevents a party from assuming a

---

[2] Although Indiana Code section 35-38-1-1.5(a) has since been amended to reflect recent changes in Indiana's criminal code, the law in effect at the time of the commission of the crime at issue is the law that applies to that particular defendant. *See Williams v. State*, 891 N.E.2d 621, 631 (Ind. Ct. App. 2008).

position in a legal proceeding inconsistent with one previously asserted." *Id*. (citing *Brightman v. State*, 758 N.E.2d 41, 48 (Ind. 2001)). The *Troxell* court reasoned that the State should not be permitted to argue that the defendant was time barred from petitioning for the conversion when the State was a party to the agreement that created the anomaly forbidding the defendant from filing the petition until after the statutory deadline had passed. *Id*. at 167.

Again, unlike the defendant in *Troxell*, Whicker was not precluded from filing a timely petition to convert his conviction to a misdemeanor under the terms of his plea agreement. Rather, Whicker completed and was successfully discharged from his probation on January 12, 2010, approximately one-and-one-half years after he was sentenced on July 2, 2008. He was therefore eligible to file his petition to convert his felony conviction to a misdemeanor approximately one-and-one-half years before the three-year statutory deadline passed. As such, the State did not enter into an agreement that allowed for conversion of Whicker's felony conviction to a misdemeanor while at the same time preventing a timely petition for conversion from being filed.

Because the three-year time frame in Indiana Code section 35-38-1-1.5 is jurisdictional and Whicker does not fall within the narrow exception created by *Troxell*, we conclude that as a result of Whicker's failure to file his petition to reduce his Class D felony conviction to a Class A misdemeanor within the statutorily-prescribed timeframe, the trial court lacked jurisdiction over Whicker's petition. Accordingly, we further conclude that the trial court did not err in denying Whicker's petition.

The judgment of the trial court is affirmed.

6

NAJAM, J., and MATHIAS, J., concur.