## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2015, 6:21 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Joel C. Wieneke | Gregory F. Zoeller |
| Wieneke Law Office, LLC | Attorney General of Indiana |
| Plainfield, Indiana | |
| | Jodi Kathryn Stein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Lozier, | November 30, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 15A01-1503-CR-105 |
| v. | Appeal from the Dearborn Circuit Court. |
| State of Indiana, | The Honorable Eugene A. Stewart, Senior Judge. |
| *Appellee-Plaintiff.* | Cause No. 15C01-9303-CF-9 |

## Friedlander, Senior Judge

[1] Christopher Lozier appeals from the trial court's denial of his petition for sentence modification, contending that the trial court abused its discretion. We affirm and remand.

[2] Lozier and two friends planned a robbery in order to obtain some extra cash. After several planning sessions, Lozier and Daniel Widener, who were eighteen years old and seventeen years old respectively, waited outside a bank for a night manager of the local Ponderosa to make the store's evening deposit. After Vanessa Wells, Ponderosa's night manager, arrived at the bank to make her deposit, shots were fired from a revolver supplied by the third friend, Shawn Davis, who was eighteen years old. Wells ultimately died from those initial and subsequent gunshot wounds. Lozier and Widener took the money and hid Wells' body on the floorboard of the back seat of her car, drove the car near a landfill, hid the car in some trees, and disposed of other incriminating evidence in pools of water at the landfill. The handgun was tossed into the Ohio River.

[3] Widener and Lozier each pleaded guilty to felony murder and conspiracy to commit robbery. Sentencing was left to the discretion of the trial court. Lozier was sentenced to sixty years for his felony-murder conviction and to ten years for his conviction of conspiracy to commit robbery on January 7, 1994. The sentences were ordered to be served consecutively.

[4] Widener successfully perfected a direct appeal which resulted in a reduction of his sentence. *See Widener v. State*, 659 N.E.2d 529 (Ind. 1995). Widener's sentence was reduced to fifty years for the felony-murder conviction to be served concurrently with his ten year sentence on the conviction for conspiracy to commit robbery. *Id.*

[5] Lozier was unable to pursue a direct appeal challenging his sentence. He attempted to file belated motions for appeal, pro se, but was unsuccessful in those attempts. Lozier's family hired an attorney who filed a motion for belated appeal, but the trial court denied that motion. No appeal was taken from that denial.

[6] On February 14, 2014, Lozier filed a petition for modification of sentence. The State objected to that petition on February 25, 2014. The trial court initially denied the motion on May 30, 2014, stating in its order that the motion was denied because of the terms of Lozier's plea agreement. The trial court held a hearing on the petition on July 18, 2014 and November 13, 2014 after apparently discovering that Lozier's sentence was left open to the trial court's discretion. Lozier's petition for sentence modification was denied on February 23, 2015, the trial court's order included the following language:

> [Lozier] seeks a modification of his sentence by challenging the enhancement portion of his sentence for Murder. [Lozier] is not entitled to a reduction in sentence, whether it be as post-conviction relief or as a request for sentence modification. [Lozier's] request for modification of sentence is accordingly denied.

Appellant's Appendix p. 103. Lozier now appeals.

[7] Lozier's brief contains a detailed account of the significant efforts Lozier has made at reformation while serving his sentence. Although we appreciate Lozier's efforts, given the procedural posture of Lozier's appeal, we are

constrained by case law interpreting statutory language to deny him all of the relief he seeks.

[8] The version of Indiana Code section 35-38-1-17(b) (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation) in effect at the time Lozier filed his petition provides that "[i]f more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney." Lozier's February 14, 2014 petition was filed long after three hundred sixty-five days had elapsed since he began serving his sentence on January 7, 1994. Lozier did not have the approval of the prosecuting attorney as required by statute in that circumstance.

[9] In *Manley v. State*, 868 N.E.2d 1175, 1179 (Ind. Ct. App. 2007), we quoted the Supreme Court's opinion in *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind. 2001), which held that pursuant to the statute "where 365 days have passed since the sentence was imposed, and the prosecutor has not approved of the requested sentence modification, 'the trial court lack[s] authority to modify [the original] sentence.'" The trial court did not err by denying Lozier's motion because it was without authority to grant it.

[10] Lozier also notes the language of the trial court's order denying relief in which the trial court states that Lozier is not entitled to a reduction of his sentence if brought as a petition for post-conviction relief. The State takes no position

regarding Lozier's request that we remand this matter to the trial court to issue an order denying the petition for sentence reduction without making reference to Lozier's entitlement to relief via post-conviction proceedings. Appellee's Br. pp. 5-6 n.3. Because this language in the order appears to be extraneous, but could possibly be construed as potentially foreclosing Lozier's opportunity for post-conviction relief, we remand the matter to the trial court to enter an order removing any reference to post-conviction relief proceedings.

Judgment affirmed and remanded.

Najam, J., and Altice, J., concur.