ATTORNEYS FOR APPELLANT
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Stacy R. Uliana
Indianapolis, Indiana



## In the
## Indiana Supreme Court



No. 57S04-1010-CR-603

STATE OF INDIANA,

*Appellant (Plaintiff below),*

V.

JEFFREY BRUNNER,

*Appellee (Defendant below).*

Appeal from the Noble Superior Court, No. 57D01-9911-DF-260
The Honorable Robert E. Kirsch, Judge

On Petition to Transfer from the Indiana Court of Appeals, 57A04-1003-CR-121

**May 26, 2011**

**David, Justice.**

On the defendant's motion, the trial court modified the defendant's conviction several years after the case had concluded. The Court of Appeals overturned the trial court on grounds that the trial court lacked statutory authority to modify the conviction and ordered the original conviction to be reinstated. We agree with the Court of Appeals and reverse the trial court's order. We hold it was in violation of statutory authority to modify the conviction. We remand to the trial court to reinstate the original conviction.

**Facts and Procedural History**

In August 2000, Jeffrey D. Brunner entered a plea of guilty to operating while intoxicated as a Class D felony. At the time of his guilty plea, Brunner had an OWI conviction within the previous five years which elevated the matter to a Class D felony. Brunner also had an OWI conviction from July 1991. When going over Brunner's constitutional rights, the trial court stated, "It is at least theoretically possible that a person found guilty of a Class D felony can have judgment of conviction entered and be sentenced as if it were a Class A misdemeanor." The court further stated to Brunner, "Do you understand . . . If I accept [the plea agreement] I am bound by it and I can't change it up or down." The court then accepted Brunner's guilty plea and immediately conducted the sentencing hearing.

Thereafter, Brunner filed letters with the court requesting his conviction as a Class D felony be reduced to a Class A misdemeanor. In March 2009, the court held a hearing on Brunner's request for modification of the judgment of conviction from a Class D felony to a Class A misdemeanor. At the hearing, Brunner requested the trial court modify his third OWI felony conviction to a misdemeanor because he believed his felony conviction was preventing him from obtaining a second job.[1] Brunner neither served probation nor participated in any substance abuse treatment, but he served four-and-a-half months on work release for his sentence. At the March 2009 hearing, the trial court informed Brunner that it would be willing to modify his sentence to a misdemeanor if Brunner would submit to a substance abuse-assessment and complete any program of treatment or counseling recommended as a result of the assessment.

At the follow up hearing in October 2009, Brunner informed the trial court his substance-abuse assessment revealed he had no problems and provided no further recommendation for counseling or treatment. At this hearing, Brunner also admitted to having a disorderly conduct conviction from 2002. The trial court granted the motion to modify the judgment of conviction

---

[1] Brunner stated to the trial court, "I think that you know on all the, uh, when you bid for employment they ask if you have a felony and of course I have to put yes and I think a lot of the jobs that I've gotten turned down, I know I was qualified for, but the reason why I am getting turned down is because I have the felony still on my record. So, that is the only reason that I am trying to get it lowered to a misdemeanor so it won't come up on my record so I can try to find some more employment."

from a Class D Felony to a Class A misdemeanor. On October 16, 2009, the trial court entered an order titled "Modification of Conviction." The order stated as follows:

> Hearing held on the Defendant's Petition for Modification of his Conviction on 8-10-00, from a Class D Felony to a Class A Misdemeanor. The State appears by Special Prosecuting Attorney, Clara Mary Winebrenner. The Defendant appears in person and without Counsel. Evidence and arguments had and concluded. The Court now modifies the judgment of conviction in this cause to Driving While Intoxicated, Second or Subsequent Conviction, as a Class A Misdemeanor, pursuant to Indiana Code 35-50-2-7(b).

We granted transfer to address issues of jurisdiction and law. We hold this matter was properly pleaded under the statutes governing the modification of a conviction. We disagree with the Court of Appeals holding that defendant's request was a petition for post-conviction relief; however, we agree with the Court of Appeals and hold that the trial court's authority to reduce a Class D felony conviction to a Class A misdemeanor is limited to the moment of conviction and prior to sentencing.

## I. State's Right to Appeal

The Court of Appeals, sua sponte, raised the issue, which was then fully briefed by both parties, whether the State had a right to appeal the trial court's modification of conviction.

The action taken by Brunner was a motion for modification of conviction, not a request for post-conviction relief. While reaching the correct conclusion, the Court of Appeals mistakenly described this action as a request for post-conviction relief under Post-Conviction Relief Rule 1(1)(a)(4), indicating there was evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence in the interest of justice. The post-conviction relief rule cited by the Court of Appeals is not a catch-all mechanism allowing for the introduction of new evidence that occurs after the conviction. The range of relief provided under the post-conviction rules is limited to "issues that were not known at the time of the original trial or that were not available on direct appeal." Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000). This Court has held that "the purpose of the post-conviction remedies is to give the appellant an opportunity to raise issues that were unknown or unavailable to him at the time of his original appeal." Henderson v. State, 271 Ind. 633, 634, 395 N.E.2d 224, 226 (1979). We

have previously assigned a test for new evidence brought under Post-Conviction Relief Rule 1(1)(a)(4):

> the petitioner must establish (1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.

Torrence v. State, 263 Ind. 202, 206, 328 N.E.2d 214, 216 (1975) (quoting Emerson v. State, 259 Ind. 399, 407, 287 N.E.2d 867, 871–72 (1972)).  Clearly the new evidence of Brunner's recent sobriety, while laudable, will not produce a different result at trial.  He is still guilty of the crime committed, and he has not produced evidence that would likely end in a different result of conviction.  The post-conviction rules do not apply to evidence of a person's reformed character.  The post-conviction rules were not intended to give defendants a super-appeal.  McCary v. State, 761 N.E.2d 389, 391 (Ind. 2002).

Further, a court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented.  Ind. Post-Conviction Rule 1(6).  Here the trial court failed to issue findings of fact and conclusions of law.  In sum, this matter was never pleaded as a post-conviction petition, and the post-conviction rules do not allow for this type of evidence to be submitted.  At all stages, this matter proceeded as a motion for modification of conviction.  Neither the unrepresented pro se defendant Brunner, nor the prosecutor, nor the trial court referred to this matter in the record as anything but a motion to modify conviction, which the prosecutor argued the trial court had no authority to grant.  The prosecutor was correct.

Indiana has a strict historic precedent that criminal appeals by the State are statutorily defined.  Indiana Code section 35-38-4-2 sets out the instances the State may appeal.  The legislature expressly enumerates the criminal appeals the State may take.  The State may appeal from orders (1) granting a motion to dismiss an indictment; (2) granting judgment for the defendant upon his motion to discharge because of delay or jeopardy; (3) granting a motion to correct errors; (4) upon question reserved the state if defendant is acquitted; (5) granting motion to suppress evidence, if the effect is to preclude further prosecution; (6) and certain interlocutory orders.  Ind. Code § 35-38-4-2 (2008).

We have long recognized this bedrock fundamental of criminal appellate law: the State must have statutory authorization to bring an appeal of a criminal matter. The right of the State to appeal in a criminal matter is statutory, and the State cannot appeal unless given that statutory authorization by the legislature. State v. Huebner, 233 Ind. 566, 567, 122 N.E.2d 88, 89 (Ind. 1954). The reason for such a rigid appellate right for the State is built upon the idea that if the State brings a citizen before its own tribunal and loses, "its avenging hand should be stayed except in unusual cases where the power to appeal was expressly conferred." State v. Sierp, 260 Ind. 57, 60, 292 N.E.2d 245, 246 (1973) (citing Carl V. Venters, Annotation, Right of Prosecution To Review of Decision Quashing or Dismissing Indictment or Information, or Sustaining Demurer Thereto, 92 A.L.R. 1137 (1934)). In Brunner's instance, however, it is not the State that has brought him back before the tribunal. Not this time. Rather, it is Brunner himself who has petitioned the tribunal for favorable relief.

In Hardley v. State, this Court carved out a minor exception to the precedent of legislature-authorized appeals for State criminal appeals. 905 N.E.2d 399, 403 (Ind. 2009). In Hardley, the State was attempting to appeal an erroneous sentence, which is not enumerated among the criminal appeals the State may take under Indiana Code section 35-38-4-2. This Court succinctly held that it was clearly unacceptable for a sentence to plainly exceed or otherwise violate statutory authority, and that "sound policy and judicial economy favor permitting the State to present claims of illegal sentence on appeal when the issue is a pure question of law that does not require resort to any evidence outside the appellate record." Id.

In this case, the State has timely appealed a judgment entered by the trial court modifying a conviction of defendant. The trial court took such action years after the issuance of the original conviction, without the consent of the State, and as we hold today, without the statutory authority to do so. Because the legislature did not provide the trial court the statutory authority to do this and because this is a pure question of law that does not require evidence outside the record, we hold that the State has the limited availability to appeal a trial court's modification of conviction under these particular circumstances.

5

## II. Modification of Conviction

Having determined the State's right to appeal the matter, we now turn to the trial court's authority to issue the order modifying Brunner's conviction. We agree with the State and the Court of Appeals that the trial court improperly granted Brunner's request. The applicable statute at the time of the conviction was Indiana Code section 35-50-2-7 (1998). It states, in relevant part, "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." I.C. § 35-50-2-7(b). This is a question of first impression which requires us to determine the intent of the legislature. We review matters of statutory interpretation de novo because they present pure questions of law. Gardiner v. State, 928 N.E.2d 194, 196 (Ind. 2010).

In interpreting statutes, we take words and phrases in their plain and usual meaning. I.C. § 1-1-4-1(1) (2005). As such, we hold that the intent of the legislature in granting authority to the trial courts to reduce a Class D felony to a Class A misdemeanor was limited to the moment the trial court first entered its judgment of conviction and before the trial court announced its sentence.[2] The Court of Appeals correctly ruled that the language of the statute itself described the specific timeframe codified for this action was after the finding of a Class D felony but before the pronouncement of a sentence, "the court may enter judgment of conviction . . . *and* sentence accordingly." I.C. § 35-50-2-7(b) (emphasis added). The judgment of conviction is entered first, and then the sentence is handed down. The legislature has not granted the trial court the authority to modify the conviction at any time other than while delivering the sentence. In further support of this legislative interpretation is the axiom that, with very little exception, a trial court no longer has authority over a defendant after the trial court issues its sentence. State ex rel Abel v. Vigo Circuit Court, 462 N.E.2d 61, 63 (Ind. 1984).

We also agree with the Court of Appeals in its analysis of Indiana Code section 35-38-1-1.5, which did not become effective until 2003 and thus is not applicable to Brunner specifically. However, Indiana Code section 35-38-1-1.5 is instructive in determining the legislative intent

---

[2] This is distinguishable from Gardiner v. State where the trial court also modified a conviction. In Gardiner, the conviction was modified from a Class D felony to a Class A misdemeanor under provisions of the plea agreement. 928 N.E.2d at 197.

behind Indiana Code section 35-50-2-7(b). It is a rule of statutory interpretation that "courts will not presume the legislature intended to do a useless thing . . . ." N. Ind. Bank and Trust Co. v. State Bd. of Finance, 457 N.E.2d 527, 532 (Ind. 1983). Thus, the legislature would not have enacted Indiana Code section 35-38-1-1.5 except to allow for certain conviction modifications, which previously were not authorized by the legislature. In relevant part, Indiana Code section 35-38-1-1.5 states as follows:

> (a) A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions. A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35-50-2-7, and the following conditions are met:
>
>> (1) The prosecuting attorney consents.
>>
>> (2) The person agrees to the conditions set by the court.
>
> (b) For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a). Ind. Code § 35-38-1-1.5(a)–(b) (2008).

According to Indiana Code section 35-38-1-1.5, for a post-2003 conviction, the trial court could enter a conviction as a misdemeanor, but it must be entered within three years of the entry of judgment, all parties must agree to the conditions, and the defendant must meet those agreed upon conditions. Our reading of these two statutes together furthers our belief that the trial court had no authority to take the actions it took and modify Brunner's conviction from a Class D felony to a Class A misdemeanor without approval from the State. The facts before us are that the State did not consent to this conviction modification, nothing was agreed upon by all parties at the time of original sentencing, and more than three years had passed. In fact, the trial court judge specifically told Brunner, "Do you understand . . . If I accept [the plea agreement] I am bound by it and I can't change it up or down." Furthermore, if the trial court's ruling were allowed to stand, or any weight given to Indiana Code section 35-38-1-1.5, Brunner would receive a benefit he would not be allowed to receive under Indiana Code section 35-38-1-1.5 because the three-year window for modification has long closed.

7

Finally, we note the significant difference that exists between a Class D felony conviction and a Class A misdemeanor. The sentence for a person convicted of a Class A misdemeanor is up to one year in jail and up to a five-thousand-dollar fine. I.C. § 35-50-3-2 (2008). Meanwhile, the sentence for a Class D felony is a fixed term between six months and three years, with an advisory term of one-and-a-half years, and a fine of up to ten-thousand dollars. Id. § 35-50-2-7. Even further, there exists a stigma in culture between misdemeanor convictions and felony convictions. Often misdemeanor convictions are seen as college-aged high jinks or youthful indiscretions that harmed no one. On the other hand, felonies are met with much more suspicion and caution. As Brunner stated, most job applications question if an applicant has ever been convicted of a felony, drawing a line between a felony and misdemeanor.

Although it may be equitable and desirable for the legislature to give a trial court discretion in modifying a conviction years later for good behavior, we recognize at this time the legislature has not given any such authority. It may be appropriate for a trial court judge to be able to weigh mitigating and aggravating factors such as the hardship on the defendant's family in making a conviction-modification decision. One of the purposes of the discussion regarding sentencing reform is to keep those offenders in prison that need to be in prison and to give more favor to those offenders who deserve an earlier opportunity to be productive citizens. The trial court believed it was assisting a defendant who had demonstrated he was worthy of an opportunity to have his conviction modified. However, at this time, the legislature has not enacted any such authority for the trial court.

## Conclusion

The plain meaning of Indiana Code section 35-50-2-7(b), as well as the meaning taken in context with Indiana Code section 35-38-1-1.5, shows that the trial court erred in granting Brunner's motion for modification of conviction. We reverse and remand with instructions for the trial court to reinstate the original judgment of conviction.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.

8