# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**WILLIAM J. COHEN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW A. KOBE**
Deputy Attorney General
Indianapolis, Indiana



**FILED**
Aug 17 2012, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRYAN J. FIELDS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1202-CR-57 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles C. Wicks, Judge
Cause No. 20D05-1001-FD-12

**August 17, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

A jury found Bryan J. Fields guilty of class D felony operating a vehicle while intoxicated. The trial court entered judgment of conviction as a class D felony and imposed an eighteen-month suspended sentence. At that time, the trial court indicated that it would consider a potential reduction of the felony conviction to a misdemeanor after approximately one year provided that Fields complied with the terms and conditions of probation and committed no further criminal offenses. During a review hearing held almost one year after the conviction, the trial court denied Fields's request to reduce his D felony conviction to an A misdemeanor. Specifically, the trial court concluded that it had no authority to modify the conviction. On appeal, Fields contends that the trial court erred when it determined that it had no such authority. We disagree with Fields and affirm.

**Facts and Procedural History**

On January 11, 2010, the State charged Fields with operating a vehicle while intoxicated as a class D felony, due to a prior conviction within the last five years for operating a vehicle while intoxicated. *See* Ind. Code § 9-30-5-3(a)(1). Following a trial on October 18, 2010, the jury found Fields guilty as charged. On January 24, 2011, the trial court entered its order, which states in pertinent part:

> Court accepts jury's verdict of Guilty and enters conviction of OWI w/Prior Within 5 years, Class D felony. SENTENCE: 18 months IDOC w/credit for one day served plus equal earned credit time, suspended except 5 days without equal earned credit time (balance of 4 days to serve); reporting probation for 18 months;
>
> …

2

> Conviction entered conditionally subject to potential reduction to a misdemeanor provided defendant complies with all terms and conditions of probation and commits no further criminal offenses within the next year. Set for review hearing 1/9/12 at 9:00 a.m. Defendant ordered to appear. Judgment. Bond released. Commitment ordered.

Appellant's App. at 47. Fields appealed his conviction. On September 29, 2011, we affirmed his conviction by unpublished memorandum decision. *See Fields v. State*, No. 20A03-1102-CR-101 (Ind. Ct. App. Sept. 29, 2011).

Thereafter, the scheduled review hearing was held by the trial court on January 9, 2012, to address the potential reduction of Fields's felony conviction to a misdemeanor. Following the hearing, the trial court issued its order denying Fields's request for reduction of his conviction. That order reads as follows:

> Defendant appears w/counsel, William Cohen: State appears by DPA Aimee Herring. State objects to misdemeanor reduction. Arguments heard. Court finds on the basis of his progress that defendant is entitled to reduction to a misdemeanor but the case of *State v. Brunner*, *947 N.E.2d 411*, 2011 Indiana Supreme Court opinion, appears to dictate that the Court has no authority and it would be error to reduce to a misdemeanor except at the moment of conviction and prior to sentencing or with the consent of the State of Indiana, which has not been given. Motion to reduce to a misdemeanor denied.

Appellant's App. at 23. This appeal ensued.

**Discussion and Decision**

Fields contends that the trial court erred when it denied his request to reduce his class D felony conviction to a class A misdemeanor because the court improperly determined that it lacked the authority to do so. Indiana Code Section 35-50-2-7 outlines the circumstances by which a defendant may have his class D felony conviction converted to a class A

misdemeanor conviction.[1]  That section provides, in relevant part, that "if a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." Ind. Code § 35-50-2-7(b).  In interpreting this statutory provision, our supreme court determined that the legislature has not granted the trial court the statutory authority to modify a conviction at any time other than while delivering the sentence. *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011).  Specifically, the *Brunner* court held that the language of Indiana Code Section 35-50-2-7(b) indicates that the legislature intended to limit the trial court's authority to reduce a class D felony to a class A misdemeanor to the moment the trial court first enters its judgment of conviction and before the trial court announces sentence. *See id*.

Despite this pronouncement of legislative intent, Fields maintains that Indiana Code Section 35-50-2-7(b), when read in conjunction with Indiana Code Section 35-38-1-17, grants the trial court authority to convert his felony conviction to a misdemeanor within one year of sentencing.  Matters of statutory interpretation present pure questions of law. *Id*.  When interpreting statutes, we take words and phrases in their plain and usual meaning. *Id*. (citing Ind. Code § 1-1-4-1(1)).  Indiana Code Section 35-38-1-17 provides in part that

[w]ithin three hundred sixty-five days (365) after … a convicted person begins

---

[1] We note that Indiana Code Section 35-38-1-1.5 also outlines circumstances by which a defendant may have his class D felony conviction converted to a class A misdemeanor.  Section 35-38-1-1.5(a) provides that "[a] court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a Class A misdemeanor within three (3) years if the person fulfills certain conditions."  The court may exercise this option "only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35-50-2-7," and certain other conditions are met including consent of the prosecuting attorney. Ind. Code § 35-38-1-1.5(a). Fields concedes that this statutory provision is inapplicable here.

4

> serving the person's sentence … the court may reduce or suspend the sentence …. If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence … the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney ….

By its plain language, Indiana Code Section 35-38-1-17 clearly addresses the trial court's authority to reduce or suspend a *sentence*, not the trial court's authority to convert a *conviction* from a felony to a misdemeanor. Fields does not seek a sentence reduction. Rather, he seeks a conviction conversion. In light of the plain language used by our legislature, and in light of our supreme court's opinion in *Brunner*, we must conclude that Indiana Code Section 35-38-1-17 does not grant the trial court the authority to reduce a felony conviction to a misdemeanor.[2]

We acknowledge the trial court's own confusion regarding its authority when, after entering judgment of conviction on the jury's verdict and pronouncing sentence, it stated that Fields's felony conviction would be "subject to potential reduction to a misdemeanor" at a later date. Appellant's App. at 47. However, as stated above, the trial court does not have that statutory authority. While it may be equitable and desirable for the legislature to give a trial court discretion to modify a properly entered conviction like the conviction at issue here, at this time, the legislature has not given any such authority. *See Brunner*, 947 N.E.2d at 417. Accordingly, the trial court properly denied Fields's request to convert his class D felony

---

[2] Although the *Brunner* court did not specifically address Indiana Code Section 35-38-1-17, we note that in its companion case of *State v. Boyle*, 947 N.E.2d 912 (Ind. 2011), the court cited Section 35-38-1-17 but did not change its conclusion that trial courts lack the statutory authority to convert felony convictions to misdemeanors except under the above-mentioned circumstances.

conviction to an A misdemeanor conviction. The judgment of the trial court is affirmed.

Affirmed.

RILEY, J., and BAILEY, J., concur.