**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 17 2013, 5:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DORI NEWMAN**
Newman & Newman, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JUSTIN DENT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 29A03-1304-CR-128 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Petitioner. ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Bardach, Judge
Cause No. 29D06-1207-FD-6477

**October 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Justin Dent (Dent), appeals his sentence following a conviction for operating a vehicle as a habitual traffic violator, a Class D felony, Ind. Code § 9-30-10-16(a)(1).

We affirm.

## ISSUE

Dent raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied Dent's motion for an alternative misdemeanor sentence.

## FACTS AND PROCEDURAL HISTORY

On February 2, 2012, Dent was cited for his tenth traffic violation in less than six years. The following day, on February 3, 2012, the Indiana Bureau of Motor Vehicles determined that Dent was a habitual traffic violator, and he was notified by mail that his status would result in a five-year suspension of driving privileges. On July 9, 2012, Officer Eric Cunningham of the Noblesville Police Department (Officer Cunningham) stopped Dent, who was driving a Chevrolet sport utility vehicle. Officer Cunningham noted the automobile's darkly tinted windows and also recognized it as a vehicle registered to a habitual traffic violator. Dent admitted to Officer Cunningham during the course of the traffic stop that he was aware his license was suspended, but he needed to get "to and from work." (Tr. p. 41).

On July 13, 2012, the State filed an Information charging Dent with operating a vehicle while being a habitual traffic violator, a Class D felony, I.C. § 9-30-10-16(a)(1). On February 20, 2013, the trial court conducted a bench trial and found Dent guilty as charged. On March 20, 2013, the trial court held a sentencing hearing. During the hearing, Dent orally moved for an alternative misdemeanor sentence (AMS). Dent's request for AMS was denied, and the trial court sentenced him to 365 days at the Department of Correction to be served on work release, with his driving privileges suspended for life.

Dent now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Dent contends that the trial court abused its discretion when sentencing him. A trial court's sentencing decision is only reviewed for abuse of discretion. *Monegan v. State*, 756 N.E.2d 499, 501 (Ind. 2001). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Butler v. State*, 951 N.E.2d 641, 645 (Ind. Ct. App. 2011). We do not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. *Id.*

The parties appear to be somewhat confused regarding the availability of and procedural requirements for AMS. At his sentencing hearing, Dent asked the trial court to modify his conviction to a misdemeanor "either at the beginning or the back end of

[his] sentence." (Tr. p. 70). There are distinct statutory sources for each of these options. The trial court, however, denied Dent's modification request without distinguishing them.

Where a person has committed a Class D felony, Indiana Code section 35-50-2-7 gives the trial court broad discretion to "enter judgment of conviction of a Class A misdemeanor and sentence accordingly." I.C. § 35-50-2-7(b). This option is time-sensitive, available only between conviction and sentencing. Our supreme court has clarified this, explaining that the "legislature has not granted the trial court the authority to modify the conviction at any time other than while delivering the sentence." *State v. Brunner*, 947 N.E.2d 411, 416 (2011). In this context, the possibility of AMS is contingent on the trial court's discretionary leniency.

Alternatively, section 35-38-1-1.5(a) has more specific requirements, and provides, in relevant part:

> A court may enter a judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under I.C. § 35-50-2-7.

The trial court has far less discretion in this type of scenario. Any AMS modification under section 35-38-1-1.5 is contingent on a guilty plea, which Dent did not enter. Thus, section 35-38-1-1.5 was unavailable.

In applying section 35-50-2-7(b), Dent argues that the trial court abused its discretion by refusing to evaluate the motion on its own merits. His contention is based on the trial court's explanation that its "standard practice is not to allow AMS unless the

4

prosecutor agrees to it." (Tr. p. 72). Dent characterizes the trial court's response to his motion as a passive substitution of the State's judgment for its own.

We conclude that the trial court did not abuse its discretion. The facts include a driving record that had already earned Dent a five-year license suspension. Indiana Code section 9-30-10-4(c) states that anyone "who has accumulated at least ten (10) judgments within a ten (10) year period" shall be designated a habitual traffic violator, provided that at least one of said judgments was for a "major" violation (*i.e.*, a violation involving either the death or injury of another, or for operating a vehicle while intoxicated). Dent achieved this status in less than six years, with ten judgments against him—two of them for operating a vehicle while intoxicated—between March of 2006 and February of 2012. He also has two convictions unrelated to vehicle operation, *i.e.*, battery in 2004 and possession of paraphernalia in 2009. In light of these facts, the trial court properly declined to exercise its discretion to show leniency.

Additionally, we note that the trial court declined to accept the State's formal sentencing recommendation of 545 days. Just as the trial court is not obligated to accommodate the State's sentencing wishes, neither is it bound to grant the Defendant's AMS motion under section 35-50-2-7(b). The fact that neither party got precisely what it requested strongly indicates that judicial discretion was indeed exercised in this case.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Dent's motion for AMS.

5

Affirmed.

ROBB, C. J. and KIRSCH, J. concur