## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

John L. Tompkins
Brown Tompkins Lory & Mastrian
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>David Brown,<br>*Appellee-Defendant.* | March 31, 2016<br><br>Court of Appeals Case No.<br>49A05-1506-CR-752<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Steven Rubick, Magistrate<br><br>Trial Court Cause No.<br>49F07-1307-CM-43945 |

**Pyle, Judge.**

# Statement of the Case

This appeal involves the State of Indiana's attempt to appeal the trial court's bench trial ruling that was made after the bench trial had begun and was then temporarily stayed in order to allow briefing on an evidentiary issue. The trial court's ruling sustained David Brown's ("Brown") objection to the State's evidence and excluded his statement made to a police officer during a sobriety checkpoint and apparently other evidence obtained following that statement.

Because the right of the State to bring an appeal in a criminal matter is specifically limited by statute to certain cases contained in INDIANA CODE § 35-38-4-2, we sua sponte review whether the State has statutory authority to bring this appeal. Due to the fact that this appeal stems from a ruling made as part of a bench trial that has been stayed and in which no verdict has been rendered, it does not fall under any of the statutory provisions. Thus, the State does not currently have statutory authority to appeal from this criminal matter, and we dismiss this appeal and remand to the trial court for further proceedings.

We dismiss and remand.[1]

# Issue

Whether the State has statutory authority to bring this appeal.

---

[1] We dismiss the appeal without prejudice because, upon remand, the State may be able to appeal under one of the statutory provisions.

# Facts

[4] In the early morning hours of July 5, 2013, the Indianapolis Metropolitan Police Department ("IMPD") set up a sobriety checkpoint on South Pennsylvania Street to "apprehend impaired drivers." (Tr. 18). At 2:18 a.m., Brown, who was driving a motorcycle, entered the checkpoint and was directed to go to the checkpoint stopping area manned by IMPD Officer Christopher Winter ("Officer Winter"). The officer asked Brown if he had been drinking, and Brown admitted that he had. The officer administered some field sobriety tests and ultimately arrested Brown.

[5] The State charged Brown with Class C misdemeanor operating while intoxicated[2] and Class C misdemeanor operating a vehicle with an alcohol concentration equivalent to at least 0.08 but less than 0.15 grams of alcohol per 210 liters of breath.[3]

[6] The trial court commenced a bench trial on February 9, 2015. The State first presented testimony and evidence regarding the procedural nature and set up of the July 2013 sobriety checkpoint. During Officer Winter's direct examination, he testified that when Brown pulled into his position at the sobriety checkpoint, he identified himself as a police officer, [a]dvised [Brown] of where he was[,]" and asked Brown for his license. (Tr. 35). The officer further testified that, as

---

[2] IND. CODE § 9-30-5-2(a).

[3] I.C. § 9-30-5-1(a).

Brown reached for his license, he noticed that Brown "had a hard time pullin' it out." (Tr. 35). Officer Winter then testified that he smelled the odor of alcohol on Brown's breath and noticed that Brown had "red watery eyes[,]" "poor manual dexterity[,]" and "slightly slurred . . . speech when he was talkin' to [Officer Winter.]" (Tr. 35). When Officer Winter testified that Brown had admitted that he had been drinking, Brown's counsel requested to ask some preliminary questions of the officer. The officer and Brown's counsel then had the following discussion:

> [Brown's Counsel]: Um, did you ask Mr. Brown if he'd been drinking?
>
> Officer Winter: Yes, sir.
>
> [Brown's Counsel]: Did you Mirandize him for . . . ?
>
> Officer Winter: No, sir.
>
> [Brown's Counsel]: He wasn't free to go when you asked him that question was he?
>
> Officer Winter: No.
>
> [Brown's Counsel]: And you hadn't pulled him over for [a] traffic infraction?
>
> Officer Winter: Correct.
>
> [Brown's Counsel]: And you didn't—you were detaining him as part of an investigation into possible impaired drivers?
>
> Officer Winter: Yes, sir.

> [Brown's Counsel]: And your question was related to an investigation of potential crime, potential O.W.I.?
>
> Officer Winter: Yes, sir.

(Tr. 36). Brown's counsel then objected to the officer's testimony regarding his question to Brown and Brown's response. His objection was based on the officer's failure to advise Brown of his *Miranda* rights. Brown alleged that he was "not free to go" and that he was being "detained and . . . interrogated regarding the investigation of a potential crime." (Tr. 37). The State argued that a *Miranda* warning was not necessary because "this checkpoint [wa]s analogous to a traffic stop" and that it was "not an interrogation in a custodial situation." (Tr. 37). Brown's counsel replied, "This [wa]sn't a traffic stop. This [wa]s a detention unsupported by probable cause that [was] supposed to be random. The officer[] testified that at the point within the procedure where Mr. Brown was located, when the question was asked, he was not free to go. That's custodial." (Tr. 37). The trial court instructed the parties to "brief this issue" and agreed to "bifurcate" the trial.[4] (Tr. 38). The trial court stated, "at this point if Miranda applies then the trial is over, and if it doesn't then we'll reconvene for evidence on another date." (Tr. 38).

[7] Thereafter, the State submitted its memorandum, arguing that the police were not required to advise Brown of his *Miranda* rights during the sobriety

---

[4] Although the trial court stated that it was bifurcating the trial, it essentially stayed the proceedings pending a determination of Brown's objection based on the *Miranda* issue.

checkpoint because: (1) the sobriety checkpoint was the same as a traffic stop, which is considered non-custodial for *Miranda* purposes; (2) Brown was not in custody because he had not been formally arrested and had no restraint of his freedom of movement; and (3) the police officer's questioning of Brown regarding a potential crime did not equate to a custodial interrogation.

[8] In Brown's memorandum on the *Miranda* issue, he cited *State v. Gerschoffer*, 763 N.E.2d 960 (Ind. 2002), and argued that a sobriety checkpoint was not the equivalent of a traffic stop and that the caselaw on traffic stops was not applicable. He also argued that a *Miranda* warning was necessary because the facts surrounding the checkpoint showed that Brown was in custody and that the officer's question regarding whether Brown had been drinking was an interrogation. He requested that the trial court "grant his motion to exclude all evidence obtained as a direct or indirect result of the un-*Mirandized* questioning that occurred during his detention at the July 5, 2013 sobriety checkpoint." (App. 64).

[9] On May 22, 2015, the trial court entered the following order sustaining Brown's objection made during the bench trial:

> The Court, having received and reviewed the parties' briefs and statements of authority, and having considered the evidence and argument presented at the February 19, 2015 trial and being duly advised in the premises, now FINDS that [Brown's] sobriety checkpoint detention was not a typical traffic stop and [Brown] should have been given his *Miranda* warnings.

> Accordingly, [Brown's] motion to suppress is GRANTED and
> any statements by [Brown], as well as any evidence obtained
> thereafter, are hereby suppressed and shall not be allowed at trial
> . . . .

(App. 66). The trial court then scheduled a status hearing for June 4, 2015.

In the meantime, on June 2, 2015, the State filed a motion to correct error, arguing that the sobriety checkpoint was similar to a traffic stop and did not require a *Miranda* warning. The State further argued that even if a *Miranda* warning were required, it would prevent the State from using only Brown's statements made during the custodial interrogation and not physical evidence (such as field sobriety tests and Breathalyzer results) nor Officer Winter's observations of signs of intoxication exhibited by Brown. Thereafter, the trial court held the scheduled status conference and also entered a general denial of the State's motion to correct error.[5] The State now attempts to appeal.

## Decision

We cannot address the merits of the State's appeal due to the unusual and uncertain procedural posture of this case. We must, instead, look at whether the State has statutory authority to bring this appeal.

The right of the State to bring an appeal from a criminal case is specifically limited by statute to certain cases contained in INDIANA CODE § 35-38-4-2.

---

[5] The trial court handwrote "DENIED" on the State's motion. (App. 67).

"Indiana has a strict historic precedent that criminal appeals by the State are statutorily defined." *State v. Brunner*, 947 N.E.2d 411, 415 (Ind. 2011), *reh'g denied*. Indeed, our Courts "have long recognized this bedrock fundamental of criminal appellate law:  the State must have statutory authorization to bring an appeal of a criminal matter." *Id.* "The right of the State to appeal in a criminal matter is statutory, and the State cannot appeal unless given that statutory authorization by the legislature." *Id.* "The reason for such a rigid appellate right for the State is built upon the idea that if the State brings a citizen before its own tribunal and loses, 'its avenging hand should be stayed except in unusual cases where the power to appeal was expressly conferred.'" *Id.* (quoting *State v. Sierp,* 260 Ind. 57, 60, 292 N.E.2d 245, 246 (1973)).

[13]     INDIANA CODE § 35-38-4-2 sets out the specific instances under which the State may appeal a criminal matter, and, at the time that the trial court entered its order excluding evidence and its order denying the State's motion to correct error, this statute provided that the State could appeal as follows:

>    (1) From an order granting a motion to dismiss an indictment or information.
>
>    (2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.
>
>    (3) From an order granting a motion to correct errors.
>
>    (4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

> (A) the appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

> (B) the order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

> (C) the remedy by appeal after judgment is otherwise inadequate.

I.C. § 35-38-4-2.[6]

[14] The State, however, has neither cited INDIANA CODE § 35-38-4-2 nor to the relevant statutory provision under which it is attempting to appeal. Instead, the State asserts that it "seeks this *interlocutory appeal* following the trial court's Order granting Defendant's Motion to Suppress Evidence." (State's Br. 1) (emphasis added).

[15] As for the State's contention that this is an interlocutory appeal, we cannot agree. Aside from the fact that the record contains no specific order from the trial court that it certified its ruling for interlocutory appeal, its ruling that the State seeks to appeal occurred as part of the bench trial that was stayed pending

---

[6] This statute was subsequently amended with an effective date of July 1, 2015.

its decision concerning whether a *Miranda* warning was required at the sobriety checkpoint. Thus, the State is not appealing from an interlocutory order and cannot appeal based on INDIANA CODE § 35-38-4-2(6).

[16] As far as the State's suggestion that it is appealing from the denial of a motion to suppress, which would fall under INDIANA CODE § 35-38-4-2(5), we again disagree. The record is clear that Brown did not file a motion to suppress. Moreover, the trial court's ruling at issue in this appeal stems from Brown's objection to evidence introduced during a bench trial. This bench trial was stayed, and there is no indication in the record that the stay has been lifted or that a verdict or judgment has been rendered. Indeed, the chronological case summary reveals that the charges have not been dismissed and that the parties have continued to have status conferences.

[17] We acknowledge that our supreme court has allowed a State's appeal after it determined that the juvenile court order at issue was "better characterized as suppressing evidence" and where the "'ultimate effect . . . [wa]s to preclude further prosecution.'" *State v. I.T.*, 4 N.E.3d 1139, 1142 (Ind. 2014) (quoting I.C. § 35-38-4-2(5)) (involving a juvenile court's order that disapproved a delinquency petition after determining that certain evidence was inadmissible). However, for the following reasons, we cannot consider the trial court's ruling in this appeal to be a ruling granting a motion to suppress and available for a State's appeal under subsection (5).

[18]    First, the State does not assert that it is bringing this appeal pursuant to INDIANA CODE § 35-38-4-2(5), and, thus, has not asserted that the ultimate effect of the trial court's order was to preclude further prosecution. *See State v. Estep*, 753 N.E.2d 22, 24 n.5 (Ind. Ct. App. 2001) (explaining that when the State initiates an appeal pursuant to INDIANA CODE § 35-38-4-2(5), it "represents" that the ultimate effect of the order granting a motion to suppress is to preclude further prosecution); *State v. Aynes,* 715 N.E.2d 945, 948 (Ind. Ct. App. 1999) (holding that the State's initiation of an appeal from the denial of a motion to suppress "constitutes a 'judicial admission' that prosecution cannot proceed without the suppressed evidence"), *reh'g denied*. Here, the State argues that even if Brown's statement should have been excluded based on the officer's failure to give a *Miranda* warning, then remaining evidence should be admissible at trial.

[19]    The more important reason why we cannot consider this appeal as a motion to suppress under subsection (5) if that this appeal arose from a ruling made as part of a bench trial that had been stayed in order to deal with Brown's evidentiary objection. "In a bench trial, jeopardy attaches when the court begins to hear evidence." *Emmons v. State*, 847 N.E.2d 1035, 1037 (Ind. Ct. App. 2006) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)). Additionally, "[u]nder Indiana statute, jeopardy will also attach in a bench trial when witnesses are sworn." Id. (citing I.C. § 35-41-4-3(a)(2)). Here, the State has already brought Brown to trial, where the trial court ultimately stayed the proceedings. The trial court needs to decide whether to lift the stay and proceed

with the remainder of the bench trial with whatever admissible evidence it determines the State has or to take whatever action it deems appropriate.[7] Thereafter, the State could potentially bring an appeal if such appeal would fall under one of the specific instances set out in INDIANA CODE § 35-38-4-2.

[20] Given the state of procedural limbo associated with this case and the lack of statutory authority to appeal, we must dismiss and remand to the trial court for further proceedings.

[21] Dismissed and remanded.

Baker, J., and Bradford, J., concur.

---

[7] We make no suggestion as to what the appropriate action would be.