## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2016, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael B. Troemel
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roy Chaoran Sun,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 12, 2016

Court of Appeals Case No.
79A02-1512-CR-2180

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1304-FC-18

**Vaidik, Chief Judge.**

# Case Summary

[1] Roy Chaoran Sun appeals the trial court's denial of his petition to convert his felony convictions to misdemeanors. Because Sun's plea agreement provides that he can only seek conversion after he completes his sentence and he had not yet completed his sentence when he filed his petition, we affirm the trial court.

# Facts and Procedural History

[2] While an engineering student at Purdue University, Sun stole his professors' computer passwords and changed his grades in several courses. Sun's actions were discovered after he graduated from Purdue with a bachelor's degree in electrical engineering, at which point Purdue rescinded his degree. The State charged Sun with eighteen felonies in connection with his grade-changing scheme.

[3] In December 2013, Sun and the State entered into a plea agreement in which Sun agreed to plead guilty to three counts—Class D felony conspiracy to commit computer tampering and two counts of Class D felony computer tampering—and the State agreed to dismiss the remaining fifteen counts. Appellant's App. p. 53. Sentencing was left to the discretion of the trial court. In addition, Sun "reserve[d] the right to petition for misdemeanor treatment upon successful completion of his sentence, including any terms of probation, and payment of all costs and fees." *Id.*

[4] In February 2014, the trial court accepted the plea agreement and sentenced Sun to an aggregate term of four years, with ninety days executed in the Tippecanoe County Jail and the remainder suspended to supervised probation. A year later, while Sun was still on probation, he filed a "Petition for Sentence Modification as to Misdemeanor Treatment" in which he asked the trial court to reduce his felony convictions to misdemeanors. *Id.* at 67; *see also* Tr. p. 163. The State objected because Sun had not yet completed his sentence. Appellant's App. p. 68. Following a hearing, the trial court denied Sun's petition as follows:

> The [Plea] Agreement allows for Misdemeanor treatment upon successful completion of Defendant's sentence, including any terms of probation and payment of all costs and fees. The Court finds that the conditions for Misdemeanor treatment have not yet been met for the reason that the Defendant has not successfully completed the term of his original sentence, including all terms of probation.

*Id.* at 71. Sun filed a motion to correct error, which the court also denied.

[5] Sun now appeals.

# Discussion and Decision

[6] Sun contends that the trial court erred in denying his petition to convert his felony convictions to misdemeanors. Indiana Code section 35-38-1-1.5 governs conversion of Class D felonies to Class A misdemeanors. When Sun committed his crimes, this section provided that a trial court could enter

judgment of conviction as a Class D felony with the express provision that the conviction would be converted to a conviction as a Class A misdemeanor if the person fulfilled certain conditions and the prosecutor consented. Ind. Code Ann. § 35-38-1-1.5 (West 2012); *State v. Brunner*, 947 N.E.2d 411, 417 (Ind. 2011), *reh'g denied*; *see also* Ind. Code Ann. § 35-50-2-7(b) (West 2012) (providing that trials courts can reduce Class D felonies to Class A misdemeanors when delivering the sentence). Sun acknowledges that his plea agreement provides that he can only seek misdemeanor treatment upon successful completion of his sentence and that he was still on probation when he filed his petition. Nevertheless, Sun argues that he did not file his petition pursuant to Section 35-38-1-1.5; rather, he filed it pursuant to Indiana Code section 35-38-1-17, which governs the reduction or suspension of sentences. However, Section 35-38-1-17 only allows a court to reduce or suspend a sentence; it does not allow a court to convert a conviction from a felony to a misdemeanor. *See Fields v. State*, 972 N.E.2d 974, 976 (Ind. Ct. App. 2012), *trans. denied*. Because Section 35-38-1-17 does not allow the relief that Sun seeks, he is restricted to converting his felony convictions to misdemeanors pursuant to Section 35-38-1-1.5 and his plea agreement. And because the plea agreement provides that Sun cannot seek such relief until after he successfully completes his sentence, the trial court properly denied Sun's petition to convert his felony convictions to misdemeanors because he was still on probation when he filed it.

[7] Affirmed.

Barnes, J., and Mathias, J., concur.