# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 08 2019, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Cook
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

David Scudder,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 8, 2019

Court of Appeals Case No.
18A-CR-2516

Appeal from the Decatur Circuit Court

The Honorable Timothy B. Day, Judge

The Honorable Gary L. Smith, Special Judge

Trial Court Cause No.
16C01-0807-FD-204

**Altice, Judge.**

[1]    In 2010, David Scudder was convicted of two Class D felonies, theft and official misconduct. In 2016, the trial court, upon Scudder's motion, converted the theft conviction from a Class D felony to a Class A misdemeanor. In 2018, Scudder filed a Petition to Modify Sentence to Reduce Conviction to a Misdemeanor, asking the trial court to reduce his conviction for official misconduct from a Class D felony to a Class A misdemeanor. Following a hearing, the trial court denied Scudder's petition. Scudder raises one issue on appeal that we restate as: whether the trial court properly concluded that it did not have statutory authority to reduce the Class D felony conviction for official misconduct to a Class A misdemeanor.

[2]    We affirm.

## Facts & Procedural History

[3]    On the afternoon of June 21, 2008, a man was at the Walmart in Greensburg, Indiana, posing as professional wrestler Stone Cold Steve Austin and signing autographs, for which people paid $10.00 per autograph. Another man, Ronald Owens, was the promoter of the event and had arranged it with Walmart. After less than an hour, Walmart management became suspicious that the purported professional wrestler was not, in fact, Stone Cold Steve Austin. Believing that Owens had perpetrated a fraud upon Walmart and its customers, Walmart management called the Greensburg Police Department (GPD). The claimed professional wrestler fled before officers arrived to investigate. Among the officers dispatched to the scene was Scudder, who was a seven-year veteran of the GPD.

[4] Owens cooperated at the scene and turned over to Scudder $166.00 in cash that Owens had collected for autographs and tickets to a separate wrestling performance. Ultimately, Scudder failed to place the money into GPD's evidence storage room after receiving it from Owens, and the State charged Scudder with Class D felony theft and Class D felony official misconduct. Following a jury trial, Scudder was found guilty as charged on February 8, 2010. Scudder was eligible for alternative minimum sentencing such that his convictions could have been entered as misdemeanors, but the trial court entered judgment of conviction as two Class D felonies. The court sentenced Scudder to one and one-half years on each conviction, to run concurrently, with thirty days executed and the remainder suspended to probation. Scudder appealed, alleging that the evidence was insufficient to convict him, and this court affirmed his convictions by memorandum decision. *Scudder v. State*, No. 16A04-1104-CR-207 (Ind. Ct App. Feb. 8, 2012).

[5] In November 2014, Scudder filed a motion, later amended, to convert "his Class D Felony Conviction to a Class A Misdemeanor conviction"[1] pursuant to Ind. Code § 35-50-2-7. *Appellant's Appendix Vol. 2* at 16, 18. Scudder's motion noted that he had completed his sentence on or before December 2010 and had no pending criminal charges. After a number of continuances, the matter came for a hearing in November 2015. The trial court observed that "specifically, the

---

[1] We note that the motion was written in terms of converting a singular conviction, but did not identify which of the two felony convictions he was seeking to convert to a misdemeanor.

portion of the statute we're looking at is [35-50-2]-7(d)" and that, under that subsection, "official misconduct is one" of the statute's listed offenses that a trial court is not permitted to convert to a misdemeanor. *Transcript Vol. 2* at 4-5. I.C. § 35-50-2-7(d) provides, in relevant part:

> [T]he sentencing court may convert a Class D felony conviction (for a crime committed before July 1, 2014) or a Level 6 felony conviction (for a crime committed after June 30, 2014) to a Class A misdemeanor conviction if, after receiving a verified petition as described in subsection (e) and after conducting a hearing of which the prosecuting attorney has been notified, the court makes the following findings:
>
> (1) The person is not a sex or violent offender (as defined in IC 11-8-8-5).
>
> (2) The person was not convicted of a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014) that resulted in bodily injury to another person.
>
> (3) The person has not been convicted of perjury under IC 35-44.1-2-1 (or IC 35-44-2-1 before its repeal) or official misconduct under IC 35-44.1-1-1 (or IC 35-44-1-2 before its repeal).
>
> (4) At least three (3) years have passed since the person:
>
>> (A) completed the person's sentence; and
>>
>> (B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(5) The person has not been convicted of a felony since the person:

      (A) completed the person's sentence; and

      (B) satisfied any other obligation imposed on the person as part of the sentence;

for the Class D or Level 6 felony.

(6) No criminal charges are pending against the person.

At the conclusion of the hearing, the trial court found that Scudder had "satisfied the statutory requirements . . . under Section (d)" and stated that, upon submission of a proposed order, would grant relief. *Transcript Vol. 2* at 6. In January 2016, the trial court issued an order granting Scudder's motion "as to Count I Theft only," converting that conviction to a Class A misdemeanor.

[6]    On February 13, 2018, Scudder filed the Petition to Modify Sentence to Reduce Conviction to a Misdemeanor (Petition), asking the trial court to "reduce" the Class D felony official misconduct conviction to a Class A misdemeanor. *Appellant's Appendix Vol. 2* at 23. Scudder's Petition sought relief under I.C. § 35-38-1-17 and I.C. § 35-50-2-7(c), specifically noting that he was asking for

relief under "subsection (C) of IC 35-50-2-7 not (D)."[2]  *Id.*  Scudder's position was that the trial court could reduce the felony official misconduct conviction "by the tandem application of IC 35-38-1-17 and IC 35-50-2-7(c)[.]"  *Id*. at 26.

[7]     Scudder noted that, after he was sentenced, Indiana's legislature "created a much more gracious sentence modification statute under IC 35-38-1-17 that now allows for sentence modification for most offenses (including the offense in question) well after one year from the date of sentencing and without the State's consent."  *Id*.  In particular, he relied on I.C. § 35-38-1-17(e), which provides that "at any time after a convicted person begins serving the person's sentence . . . the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing."  I.C. § 35-50-2-7(c) is the other statute in the "tandem" analysis, and it provides in relevant part:

> [I]f a person has committed a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014), the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014) if:
>
> (1) the court finds that:

---

[2] Scudder acknowledged that the trial court's January 2016 order that granted conversion as to only the theft conviction was proper because then-counsel had sought relief under I.C. § 35-50-2-7(d), and that subsection "specifically exclude[s] several offenses including [o]fficial [m]isconduct." *Appellant's Appendix Vol. 2* at 24.

> (A) the person has committed a prior, unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor; and
>
> (B) the prior felony was committed less than three (3) years before the second felony was committed;
>
> (2) the offense is domestic battery as a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014) under IC 35-42-2-1.3; or
>
> (3) the offense is possession of child pornography (IC 35-42-4-4(d)).
>
> The court shall enter in the record, in detail, the reason for its action whenever it exercises the power to enter judgment of conviction of a Class A misdemeanor granted in this subsection.

[8] The State's response asserted that neither of the two statutes relied on by Scudder provided him relief. As to I.C. § 35-38-1-17, the State asserted that it was inapplicable to Scudder's situation because Scudder had already served his sentence in full, and, therefore, "[his] sentence cannot be modified . . . under I.C. 35-38-1-17." *Appellant's Appendix Vol. 2* at 37. As to the other statute, I.C. § 35-50-2-7(c), the State asserts that it too was inapplicable because under that subsection "the court's ability to convert a Class D Felony to a Class A misdemeanor existed only at the time of judgment of conviction and prior to sentencing." *Id.* at 37.

The parties appeared for hearing on the matter on August 31, 2018. At the hearing, Scudder testified to completing all terms of his sentence, moving his residence, starting his own t-shirt business, and, with his wife, being a foster parent to six children. Scudder discussed that he completed an EMT certification but was told that "with a felony conviction it would be hard" to employ him. *Transcript Vol. 2* at 12. He also testified to having been hired at the Jennings County Jail as a jail officer but being let go on the fifth day due to insurance and "bonding issues" related to his Class D felony conviction. *Id.* Letters from potential employers, including the Jennings County Sheriff's Department and Jennings County EMS, were admitted into evidence indicating that they would like to hire Scudder except for the Class D felony on his record. Counsel for both parties presented argument consistent with their respective pleadings regarding Scudder's request to reduce the Class D felony official misconduct conviction to a Class A misdemeanor.

On September 21, 2018, the trial court issued an order denying Scudder's Petition, finding in part:

> 4. Sentence modification is improper under I.C. 35-38-1-17 finding that the defendant requested a conviction conversion, and not a sentence modification.
>
> 5. Alternative misdemeanor sentencing is improper under I.C. 35-50-2-7(C), relying on the reasoning set forth in *Brunner v. State*, *94 N.E.2d 411 (Ind. 2011)*.
>
> 6. Alternative misdemeanor sentencing is improper under I.C. 35-50-2-7(D), citing that the Indiana Legislature has specifically

exempted the conviction of Official Misconduct from eligibility to be reduced to a misdemeanor.

7. While the Court notes that [Scudder] may have made significant improvements in his life, his request to reduce the felony conviction for Official Misconduct has been denied twice in the past by two (2) judges. The Court further believes that the current state of the law does not permit the Court to grant him the relief [he] requests.

*Appellant's Appendix Vol. 2* at 63. Scudder now appeals.

## Discussion & Decision

[11] Scudder contends that the trial court erred when it denied his Petition that sought to reduce his Class D felony conviction for official misconduct to a Class A misdemeanor. Here, the trial court's decision to deny him relief was based upon its interpretation of I.C. § 35-38-1-17 and I.C. § 35-50-2-7 as applied to undisputed facts. We review matters of statutory interpretation de novo. *State v. Smith*, 71 N.E.3d 368, 370 (Ind. 2017); *State v. Brunner*, 947 N.E.2d 411, 416 (Ind. 2011). When interpreting statutes, we take words and phrases in their plain and usual meaning. *Fields v. State*, 972 N.E.2d 974, 976 (Ind. Ct. App. 2012), *trans. denied*. We presume that the legislature intended the language to be applied logically and not to bring about an unjust or absurd result. *Recker v. State*, 904 N.E.2d 724, 726 (Ind. Ct. App. 2009), *trans. denied*. "'The judicial function is to apply the law as enacted by the legislature.'" *Ott v. State*, 997

N.E.2d 1083, 1085 (Ind. Ct. App. 2013) (quoting *Moore v. State*, 949 N.E.2d 343, 345 (Ind. 2011)).

[12] Scudder maintains that the trial court's decision "arises out of the trial court's failure to understand and employ current modification powers that it now possesses to impose any sentence on modification that [it] could have imposed at the original time of sentencing." *Appellant's Brief* at 20. He argues that I.C. § 35-38-1-17 and I.C. § 35-50-2-7(c), when read together, allowed the trial court to modify his official misconduct conviction and reduce it from a Class D felony to a Class A misdemeanor. We disagree.

[13] I.C. § 35-38-1-17(e) provides in pertinent part that a trial court "may reduce or suspend *the sentence* and impose *a sentence* that the court was authorized to impose at the time of sentencing" and may grant such relief at any time after the convicted person begins serving his sentence. (Emphasis added). This court has found that "[b]y its plain language, Indiana Code Section 35-38-1-17 clearly addresses the trial court's authority to reduce or suspend a sentence, not the trial court's authority to convert a conviction from a felony to a misdemeanor." *Fields*, 972 N.E.2d at 976. That Scudder titled his Petition as a petition "to modify" does not automatically transform his request into a modification *of a sentence* and thereby include it within the scope of the sentence modification statutes. Scudder completed his sentence years ago, and we find that his request was not for a modified sentence; rather, his request was for his official misconduct felony conviction to be reduced to a misdemeanor.

[14] I.C. § 35-50-2-7(c), the other statute upon which Scudder relies, provides in part, that "if a person has committed a Class D felony . . . , the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." Subsection (c) allows a court, *at the time of sentencing*, to enter judgment of conviction as a misdemeanor. *See In re Adoption I.B.*, 32 N.E.3d 1164, 1172 n.5 (Ind. 2015) ("Just as Indiana Code section 35-50-2-7(c) gives criminal courts discretion at sentencing to enter an A-misdemeanor conviction on what would otherwise be a Class D felony, part (d) of the statute gives them discretion to do so retroactively.") Scudder does not dispute that Subsection (c) addresses what the trial court may do at the time of sentencing, but argues that the subsection is nevertheless relevant to his case because, when read in conjunction with I.C. § 35-38-1-17, the two statutes provided the trial court with the necessary authority to grant him relief and reduce his felony conviction.

[15] More specifically, his argument appears to be as follows: Because Scudder was "fully eligible for [alternative misdemeanor sentencing] under IC 35-50-2-7(c) at the original time of sentencing even for the offense of Official Misconduct," and because I.C. § 35-38-1-17(e) allows a trial court "to impose a sentence that it could have imposed at the time of [original] sentencing," the trial court therefore had the authority under those two statutes to grant his Petition and "impose *any sentence on modification* that [it] could have imposed at the original time of sentencing." *Appellant's Brief* at 7, 14 (emphasis added). Scudder's argument, however, is based on the faulty premise that he was asking the trial court to impose a new "sentence on modification." He was not. Rather, he

was asking the trial court to change the classification level of his conviction. We find that neither I.C. § 35-38-1-17 nor I.C. § 35-50-2-7(c), individually or in tandem, provided the trial court the authority to do so.

[16] We are not unsympathetic to Scudder's plight and recognize the roadblocks that the felony conviction is causing him. The trial court at the time of sentencing had the authority to enter the conviction as a misdemeanor, but, for whatever reason, chose not to exercise its discretion to do so. Now Scudder seeks to reduce his conviction from a Class D felony to a Class A misdemeanor. The applicable statute that provides a mechanism for the reduction of a conviction from felony to misdemeanor is I.C. § 35-50-2-7(d). By adding this subsection our legislature "'adopted a policy wherein trial courts can reward good behavior by removing the stigma of certain Class D felony convictions.'" *Smith*, 71 N.E.3d at 370-71 (quoting *Alden v. State*, 983 N.E.2d 186, 189 (Ind. Ct. App. 2013), *trans. denied*). The legislature, however, identified certain offenses that may not be converted to a misdemeanor, and, unfortunately for Scudder, one of those excepted is official misconduct. The trial court's proverbial hands were tied, and so are ours. The trial correctly found that it did not have the statutory authority to reduce Scudder's official misconduct conviction.

[17] Judgment affirmed.


Najam, J. and Pyle, J., concurs.